| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>William H. Brownstein, SBN 84507<br>William H. Brownstein & Associates, P.C.<br>1250 Sixth Street, Suite 250<br>Santa Monica, CA  90401-1637<br>(310) 458-0048<br>FAX: (310) 576-3581<br>Email: Brownsteinlaw.bill@gmail.com<br><br><br><br>☐ *Individual appearing without attorney*<br>☑ *Attorney for:* Debtor and Debtor in Possession | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION** ▾

| | |
|---|---|
| In re:<br><br>LYDIA R. FORREST,<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:14-bk-14361MT<br><br>CHAPTER: 11<br><hr>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER EMPLOYING PROFESSIONAL [LBR 2014-1]**<br><hr>This motion is being made under **ONLY ONE** of the following notice procedures:<br><br>☑ **No hearing unless requested under LBR 9013-1(o)(4);  or**<br>☐ **Hearing requested on emergency basis: LBR 9075-1(a); or**<br>☐ **Hearing requested on shortened notice: LBR 9075-1(b); or**<br>☐ **Hearing set on regular notice: LBR 9013-1(c):**<br><br>DATE:<br>TIME:<br>COURTROOM: 302<br>PLACE: 21041 Burbank Blvd. Woodland Hills, CA 91367 |

**PLEASE TAKE NOTICE THAT** the Debtor seeks an order employing a professional in this case.

Your rights might be affected by this Motion.  You may want to consult an attorney.  Refer to the box checked below for the deadline to file and serve a written response.  If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.  You must serve a copy of your opposition upon the Debtor, the Debtor's attorney, the United States trustee, and on the judge pursuant to LBR 5005-2(d) and the Court Manual.

a.   ☑   **No Hearing Scheduled; Notice Provided Under LBR 9013-1(o):**  This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing.  The full Motion is

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                     Page 1                     **F 2081-1.5.MOTION.EMPLOYMENT**

attached, including the legal and factual grounds upon which the Motion is made.  If you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

b. ☐ **Hearing Requested on Emergency Basis under LBR 9075-1(a):  Hearing Requested on Emergency Basis under LBR 9075-1(a):**  The Debtor has contacted the court and requested an emergency hearing on less than 48-hours notice.  If the court grants the request, you will receive a separate Notice of Hearing that identifies the deadline for the Debtor to file and serve the Motion and the deadline for you to file and serve a written response.  If the court denies the request to set an emergency hearing, the Debtor will provide written notice of a regular hearing date or other disposition of this motion and the deadline for filing an opposition.

c. ☐ **Hearing Requested on Shortened Notice under LBR 9075-1(b):**  The Debtor has filed a separate motion asking the court to set a hearing on shortened notice, titled Application for Order Setting Hearing on Shortened Notice (Application).  If the court grants the Application, the Debtor will serve you with another document providing notice. The deadline to file and serve a written response will be contained in this document.  If the court denies the Application, the Debtor will provide written notice of a regular hearing date or other proposed disposition of this motion.

d. ☐ **Hearing Set on Regular Notice; Notice Provided Under LBR 9013-1(c):**  This Motion is set for hearing on regular notice pursuant to LBR 9013-1(c).  The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made.  If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.**  Your response must comply with LBR 9013-1(f).  The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

e. ☐ **Other** (*specify*): _____
_____
_____

Date: 10/13/2014 _____

By: _____
      Signature of Debtor

Name: Lydia Ray Forrest _____
          Printed name of Debtor

Date: 10/13/2014 _____

By: _____
      Signature of attorney for Debtor, if any

Name: William H. Brownstein _____
          Printed name of attorney for Debtor, if any

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 2                        **F 2081-1.5.MOTION.EMPLOYMENT**

## MOTION FOR ORDER EMPLOYING PROFESSIONAL [LBR 2014-1]

**(a)** **EMPLOYING PROFESSIONAL**

(1)    In order for the Debtor to effectively reorganize, the Debtor must employ the following professional:
William H. Brownstein & Associates, P.C. _____ effective as of (*date*) 09/24/2014 _____ .
(A separate motion is required for each professional)

| Type of Professional | Name of Proposed Professional |
|---|---|
| general counsel ⌄ | William H. Brownstein & Associates, P.C. |

(2)    The following information and documents are provided in support of this Motion:

(A)    The Debtor seeks to employ this professional pursuant to:  ☑ 11 U.S.C. § 327 or  ☐ 11 U.S.C. § 328.

(B)    The Debtor has selected this professional because the proposed professional is well qualified to represent the Debtor in this proceeding and for the following additional reasons:
Substantial experience and expertise in bankruptcy and insolvency matters, primarily Chapter 11 cases

(C)    The professional services to be rendered include (*check all that apply*):

(i)    ☑    Providing the Debtor with legal advice with respect to the Debtor's powers and duties as the Debtor in the continued operation of the Debtor's business and management of property;

(ii)   ☑    Assisting the Debtor in the investigation and determination of the estate's assets and liabilities;

(iii)  ☑    Preparing necessary applications, answers, motions, orders, reports and/or other legal papers on behalf of the Debtor;

(iv)   ☑    Assisting in the collection of all accounts receivable and other claims that the Debtor may have;

(v)    ☑    Providing advice, as counsel, concerning the claims of secured and unsecured creditors, prosecution and/or defense of all actions relating thereto;

(vi)   ☑    Preparing, prosecuting and attaining confirmation of a plan of reorganization in these proceedings;

(vii)  ☑    Assisting the Debtor and general counsel with litigation matters that may arise during the pendency of the case.  Specific litigation matters are detailed in a declaration of proposed professional attached to this Motion;

(viii) ☑    Preparing income and expense reports, tax returns, monthly operating reports and providing data necessary for interim statements and operating reports;

(ix)   ☐    Providing real estate brokerage services;

(x)    ☐    Other (*specify*): _____
_____
_____

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

     (D)    A declaration of the proposed professional is attached providing information on the following: identification/qualifications; statement of professional regarding disinterestedness or describing involvement with the Debtor; and compensation arrangements.

     (E)    A declaration of the Debtor as to the source, amount and date of prepetition retainer paid to the professional and provisions for replenishment, if any, is attached.  No liens against the retainer have been granted in favor of the professional or any other party.

## (b) SHORTENING THE INTERVAL BETWEEN FILING INTERIM FEE APPLICATIONS

☑    The Debtor requests authorization to file interim fee applications in this case 30___ days apart for the professional whose employment is being sought by this Motion.  See 11 U.S.C. § 331.

    A declaration of the professional whose employment is being sought in support of setting the interim fee application period less than 120 days apart is attached hereto.

## (c) AUTHORIZING INTERIM FEE APPLICATIONS TO BE NOTICED USING LBR 9013-1(o)

☑    The Debtor requests authorization to use the procedures set forth in LBR 9013-1(o) regarding Notice of Opportunity to Request Hearing when requesting approval of interim fee applications for the professional whose employment is being sought by this Motion.

     WHEREFORE, the Debtor respectively requests that it be authorized to employ and appoint the professional to represent the Debtor in this proceeding and any additional relief requested above.

Date:  10/13/2014____

By: _____
                Signature of attorney for Debtor, if any

Name:  William H. Brownstein
               Printed name of attorney for Debtor, if any

By: _____
                Signature of Debtor

Name:  Lydia Ray Forrest
               Printed name of Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                          Page 4                          **F 2081-1.5.MOTION.EMPLOYMENT**

## DECLARATION OF PROPOSED PROFESSIONAL IN SUPPORT
## OF MOTION FOR ORDER EMPLOYING PROFESSIONAL

I, (print name) <u>William H. Brownstein</u>, have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

### A. Identification/Qualifications

1. ☑ I am a licensed (certified) <u>under the State of California, SBN 84507</u>.

2. I, and the firm (the Firm) of which I am a member, (name of Firm) <u>William H. Brownstein & Associates, Professional Corporation</u>, maintain our principal offices at <u>1250 Sixth Street, Suite 205, Santa Monica, CA  90401-1637</u>

3. I believe that I am qualified to represent the Debtor.  A copy of my resume is attached as **Exhibit 1.**

   a. ☑ I have previously represented at least <u>100</u> chapter 11 debtors and in <u>50</u> of those cases, I prepared a chapter 11 plan and obtained an order confirming the plan.

   b. ☐ I cannot check box 3.a. but I believe that I should be allowed to represent this Debtor because (specify): _____

### B. Statement of Disinterestedness

4. The Firm and I are "disinterested persons" within the meaning of 11 U.S.C. § 101.  Neither the Firm nor I (a) is a creditor, an equity security holder, or an insider of the Debtor; (b) is or was, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; or (c) have an interest materially adverse to the interest of the estate, the Debtor or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

5. Except as indicated below and other than representing the Debtor in this case, neither the Firm nor I ever represented the Debtor, and neither the Firm nor I have any connection with the Debtor, any insider of the Debtor, or insider of an insider of the Debtor, any creditor of the Debtor or any other party in interest herein, the United States trustee, persons employed by the United States trustee or any of their respective attorneys or accountants.  Other information relevant to relationships with the Debtor is as follows (specify):
<u>There are no exceptions</u>

6. Neither the Firm nor I hold any prepetition claim against the estate.

7. Neither the Firm nor I have made any arrangements for the sharing of fees with any other person.

### C. Compensation Arrangements

8. Prior to the chapter 11 petition filing date, the Firm and I received $<u>5,000.00</u> from
   ☐ Debtor  ☑ Other (specify): <u>Debtor's husband. An additional $1,000 a month until $15,000 is paid to be placed into the trust account pending Court order approving payment.</u>

9. Pursuant to the Debtor's initial retainer agreement, the Debtor agreed to pay for services as they were performed.  A true and correct copy of the Retainer Agreement is attached hereto as **Exhibit 2**.

10. The Firm and I will comply with the appropriate employment guidelines and fee guidelines in withdrawing the prepetition retainer funds, if any.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

11.    THE FIRM'S HOURLY RATES ARE:

Partner, primary/lead counsel        $ 395.00     per hour

Associate attorney        $ 395.00     per hour

Law clerks/paralegal        $ 125.00     per hour

12.    THE FIRM'S EXPENSE REIMBURSEMENT RATES ARE:

Fax in & fax out                    $0.10 per page

Messenger                        Actual cost

Photocopies                        $0.10 per page

Postage                            Actual cost

Telephone                        No charge

13.    Neither the Firm nor I request any lien on any retainer received in this case or on any property of the estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 10/13/2014        By: _____
                                Signature of proposed professional

                            Name: William H. Brownstein
                                Printed name of proposed professional

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                    Page 6            F 2081-1.5.MOTION.EMPLOYMENT

**DECLARATION OF DEBTOR RE: DISCLOSURE OF RETAINER FEE PAYMENT SOURCE**

I, Lydia R. Forrest_____, am the Debtor in this case.

☐    I paid $ _____ to _____ from my funds.

☑    I caused to be paid $ 5,000.00_____ to William H. Brownstein & Associatess, P.C._____
      pursuant to our initial retainer agreement, and have agreed that fees are to be billed against this amount.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _10/13/2014___                           By: _____
                                                       Signature of Debtor

                                               Name: _Lydia Ray Forrest_____
                                                       Printed name of Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                          Page 7                          **F 2081-1.5.MOTION.EMPLOYMENT**

## DECLARATION OF PROFESSIONAL IN SUPPORT OF MOTION FOR ORDER
## SHORTENING THE INTERVAL BETWEEN FILING INTERIM FEE APPLICATIONS

I, William h. Brownstein _____, have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

I ☐ am  ☑ am a member of   the proposed general counsel _____ (*type of professional*) for the Debtor in this case.

1.    Prior to the commencement of this case, the Debtor paid a retainer against fees of $5,000.00 _____. The Debtor's retainer will be exhausted through service rendered within approximately 30 ___ days of the petition date.

2.    It will be a hardship to perform services for the estate without compensation for a period in excess of 120 days (the minimum period between interim fee applications set forth in LBR 2016-1(a)(2)(A) plus notice of hearing), because I am a sole practitioner. I am the sole source of support for my office and my family consisting of my wife and four children, two or whom are in collect.

3.    This hardship would be avoided by shortening the interval between interim fee applications to ___30___ days.

4.    Any interim application filed by (*name of professional*) William H. Brownstein & Associates, P.C. will comply with the LBRs, including LBR 2016-1(a)(1)(A), requiring that an interim application address, among other things, whether a plan has been filed and if not, the prospects for reorganization and the anticipated date for the filing of a plan, the amount of money on hand in the estate and the estimated amount of other accrued expenses of administration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on  October 13 _____, 2014 at Rumson, New Jersey _____, California.

Date: 10/13/2013 _____

By: _____
        Signature of professional

Name:  William H. Brownstein _____
           Printed name of professional

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 8                    **F 2081-1.5.MOTION.EMPLOYMENT**

# R E S U M E' O F Q U A L I F I C A T I O N S F O R

## WILLIAM H. BROWNSTEIN & ASSOCIATES, P.C.

### PRESIDENT

## W I L L I A M H. B R O W N S T E I N

Born Los Angeles, California, May 1, 1952. Juris Doctor Degree from Southwestern University, School of Law, 1977. Deans list for academic excellence at Southwestern University, School of Law.

LL.M. in taxation from New York University, School of Law, 1979. Recipient of the Gerald Wallace Fellowship.

Admitted to the Bar, State of California, 1978. Commencing November 29, 1979 through December 3, 1983 employed by the United States Department of Justice, Office of United States Trustee, Central District of California as senior bankruptcy counsel. In that capacity responsible for the supervision of the administration of cases and trustees in chapter 11 cases.

From December 3, 1983 until February 1, 1986, litigation counsel for Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson and Casey in their Beverly Hills, California office. In that capacity responsible for the bankruptcy and insolvency department, handling all aspects of creditor and debtor related matters.

Commencing February 1, 1986 until April 19, 2002 Mr. Brownstein was the managing partner of the Law Offices of William H. Brownstein, which specializes in creditor rights, bankruptcy and insolvency law, including

matters relating to bankruptcy related tax issues.

With the formation of William H. Brownstein & Associates, P.C., in 2002, Mr. Brownstein has been the president and sole shareholder of said firm.

Since 1981, employed as a professor at various universities and colleges in Southern California, and as a lecturer on bankruptcy, tax, and real estate issues. Contributing an author of California Real Estate Principles and author and contributor on various articles on aspects of bankruptcy, real estate and tax law.        Certified Specialist in Bankruptcy Law, California State Bar Association. Passed the examination to be certified as a specialist in complex chapter 11 cases and reorganization cases by the American Bankruptcy Board of Certification.

Assisted in the revisions to the Local Bankruptcy Rules for the Central District of California.

Treasurer for the Gann Hebrew Academy.

In charge of the Canter Contract Negotiations for Congregation B'nai Israel.

On the Rabbi Search Committee for Congregation B'nai Israel.

2

WILLIAM H. BROWNSTEIN*
**ATTORNEY AT LAW**
**CERTIFIED SPECIALIST, BANKRUPTCY LAW**
**THE STATE BAR OF CALIFORNIA**
**BOARD OF LEGAL SPECIALIZATION**

*LL.M. TAXATION, NEW YORK UNIVERSITY,
SCHOOL OF LAW – 1979
FORMER SENIOR COUNSEL, UNITED STATES
DEPARTMENT OF JUSTICE,
OFFICE OF UNITED STATES TRUSTEE – 1979-1982

# WHB

WILLIAM H. BROWNSTEIN & ASSOCIATES,
PROFESSIONAL CORPORATION
**ATTORNEYS AND COUNSELORS AT LAW**

OFFICE: (310) 458-0048
TELECOPIER: (310) 576-3581
MOBILE/PAGER: (310) 877-9882
E-MAIL: WBROWNS476@AOL.COM
WEB: WWW.BANKRUPTCYGURU.COM

EVELINE H. BROWNSTEIN
**OFFICE ADMINISTRATOR - LEGAL ASSISTANT**

**1250 SIXTH STREET, SUITE 205, SANTA MONICA, CALIFORNIA 90401-1637**

September 22, 2014

## PERSONAL AND CONFIDENTIAL

Lydia Ray Forrest
5230 Teesdale Avenue
Valley Village, CA 91607-2324

Re:     Representation in Chapter 11 Case

Dear Ms. Forrest:

It is with great pleasure that I inform you that William H. Brownstein & Associates, Professional Corporation (the "Firm"), has agreed to represent you (the "Client") with regard to providing bankruptcy and insolvency planning and to represent you in a case under Chapter 11 of bankruptcy case.

This letter sets forth the terms of our proposed engagement, the potential conflicts of interest, the authority and direction to report to and communicate with third parties and, after being signed by both the parties affected under this Agreement, constitutes our agreement ("Agreement"). Accordingly, please read this Agreement carefully before signing and to the consult with outside counsel regarding its terms, conditions and provisions.

1.      **Terms of this Engagement as Well as of Existing  and Future Engagements.**

This Agreement sets forth our entire agreement for rendering professional services, except where I have signed a different agreement.

The Firm has agreed to represent the Client at the reduced and normal hourly rate charged by professionals and para-professionals employed by my firm which as of this time is $395.00 an hour reduced from $495.00 an hour for the services of William H. Brownstein. Other attorneys, professionals and para-professionals are billed at their applicable hourly rates.

2.      **Intake Procedures**. We will <u>not</u> act as Client's counsel and not be its counsel until we receive (a) your signatures on this Agreement; (b) any required retainer; and © the waiver of conflict of interest by applicable parties.

3.      **Fees.** (a) We have agreed to represent you on an hourly fee basis based on the following:

(1)     We will bill at the reduced customary and normal hourly rate of $395.00 an hour for the services of William H. Brownstein.
(2)     I have requested an initial cash retainer of $15,000.00 to be applied to services performed and costs advanced, of which I have received $5,000.00 plus filing fees for the filing of the Chapter 11 petition and for the filing of a motion to

Initials: _LF_

WILLIAM H. BROWNSTEIN & ASSOCIATES,
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Lydia Ray Forrest
Re: Representation
September 22, 2014
Page 2 of 11

continue the automatic stay, leaving a balance of $10,000.00, to be paid at the
rate of $500.00 or more a month

(3)    By executing this Agreement Client acknowledges a receipt of this
Agreement.

4.    **Many Services Are Performed Without Your Direct Involvement.** In
reviewing your bills, there is one matter which we urge you to consider carefully. Unlike
the practice of medicine, the time spent on a client's case in the presence of the client is
frequently only the "tip of the iceberg." A great deal of time is spent and devoted to the
matter outside of the client's presence. Therefore, you will find that although your bill will
include a description of  services performed without your direct involvement we will pay
particular attention to carefully documenting costs advanced on your behalf as you are
responsibility for reimbursing those costs in addition to the contingency fee being paid
under this Agreement. We will be happy to meet with you at no charge to you to explain
the nature of everything that has been performed on your behalf should you have any
questions.

5.    **Scope of Involvement and Requirements of Chapter 11 Debtors.** The
Firms involvement will include all matters relating to the Chapter 11 representation. You
understand and you are aware that as part of the obligations of a Chapter 11 Debtor, the
Debtor must be in compliance with the reporting requirements of the United States
Trustee for the Central District of California (the "US Trustee"), in compliance with the
rules and requirements of the United States Bankruptcy Court for the Central District of
California (the "Bankruptcy Court") and in compliance with the United States Bankruptcy
Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code").

I note that a Chapter 11 bankruptcy case imposes several duties upon a debtor
along with the benefits available under said chapter. Among the obligations in a Chapter
11 case is that a representative of the Debtor  meet with  the U.S. Trustee, which
traditionally included two meetings; once for an initial meeting of creditors and another
time for the first meeting of creditors conducted pursuant to 11 U.S.C. § 341(a).

I note that the United States Trustee requires that the Debtor file reports, including
a monthly operating report, to pay quarterly fees, to open and maintain debtor in
possession bank accounts at an approved depository, to maintain and provide evidence
of insurance, and to provide and maintain copies of current documents, including the
verifications of insurance, verification of the opening of the debtor in possession bank
accounts at an approved depository, a statement under the penalty of perjury attesting to
the fact that all pre-petition bank accounts have been closed, the filing of a projected
operating report for the first sixty-days operations, and the filing of periodic interim
statements and operating a Real Property questionnaire for each property owned by the

Initials: _____ LF

WILLIAM H. BROWNSTEIN & ASSOCIATES.
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Lydia Ray Forrest
Re: Representation
September 22, 2014
Page 3 of 11

Debtor, requests for compensation of principals of the Debtor, including any payment to insiders which is defined to include the managing member, members of the debtor and their families.

I have explained the importance of fully and timely complying with the reporting requirements and The Debtor has assured me that it is in full compliance with the reporting requirements of the U.S. Trustee and that it will continue to be in compliance with all such requirements.

**It is understood that a Chapter 11 case is a complex process, one in which a Debtor (not its counsel) is required to fully comply with the reporting requirements of the U.S. Trustee and the Bankruptcy Court. Consequently, it is not the obligation of your attorney to comply with the reporting requirements of the U. S. Trustee, and as such you must pay particular attention to making <u>sure</u> that <u>all</u> such requirements are timely and fully complied. My offices will assist you in the initial preparation of documents if you believe that you need such assistance; however, I you are advised to retain an independent bankruptcy administrator or bookkeeper with experience in such matters to make sure that all filing requirements are timely satisfied and/or to have someone on the staff trained to have responsibility for preparing and filing such documents. It is also essential that you provide copies of all documents filed with the U.S. Trustee to my offices timely and that if you file the documents directly with the U.S. Trustee's Office, that you send additional copies to be conformed and returned to you and my offices. There has been instances where despite the fact that the reporting requirements of the U.S. Trustee have been satisfied, the U.S. Trustee's representatives have filed declarations under penalty of perjury stating to the contrary. For that reason, we must be very careful to have a paper trail should the U.S. Trustee take a position contrary to what is true in order to protect the Debtor.**

I have provided you with a set of the reporting requirements of the U.S. Trustee. Those must be complied with timely and fully, which is your responsibility.

A representative of my offices will be glad to meet with someone from your staff for that purpose or to give you the names of persons that I know that are familiar with the requirements. If you do request the name of someone for that purpose, however, we advise you to carefully interview such person or persons, entity or entities, before hiring them.

In a Chapter 11 case a Debtor is prohibited from doing certain things to taking certain actions without obtaining an appropriate approval from the U.S. Trustee and/or

Initials: _____ LF

WILLIAM H. BROWNSTEIN & ASSOCIATES,
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Lydia Ray Forrest
Re: Representation
September 22, 2014
Page 4 of 11

the Bankruptcy Court and in the case of the use of cash collateral, obtaining a Bankruptcy Court Order or the consent of your secured creditor(s). Among matters requiring particular attention is that the U.S. Trustee's approval is the payment of insiders, which is defined as any officer, director or shareholder of the Debtor any compensation or remuneration. I am informed that The Debtor has already complied with such requirements.

If the Debtor seeks to obtain post-petition financing outside of the ordinary course of business, it must obtain Bankruptcy Court authority and obtain an order approving said post-petition financing. In order for the Debtor to be represented in the bankruptcy case either with bankruptcy or special counsel, said counsel must be employed, meaning that an application for such employment must be filled with the Court and served on parties in interest, a notice of such filing also served and after an appropriate time, if no objection is filed, a proposed order submitted to the Court. Only after the employment is approved by the Court can counsel be employed for the Debtor, although the Court generally gives the Debtor 30 days to file the employment application. This is true of other professionals such as accountants, real estate agents and appraisers.

There are certain restrictions and provisions of law that must be strictly adhered to or else the Debtor may suffer the certain loss of assets. As such, Debtor must advise its counsel of all assets and any and all executory contracts. One on many such onerous provisions is that dealing with leases of non residential real estate. In the case of such a lease a Debtor must either assume such leases within 60 days of filing its case or it will be deemed to have rejected such lease or leases. My review of the schedules already filed in this case show that there are no unexpired leases of non residential real property where The Debtor is the lessee that would fall into this category and as such, the failure of the Debtor to file such a motion has no detrimental impact on this case.

To reiterate, I note that any application to employ any "outside professional," such as an attorney, special counsel, an accountant, an appraiser or a real estate professional for any purpose requires that such an application first be submitted to the United States Trustee for prior approval, and once approved it will be forwarded to the Bankruptcy Court for appropriate action. Although the Bankruptcy Court as a routine matter approves those types of applications so long as they comply with the requirements of the U.S. Trustee's Office.

**It is essential that you advise your attorney of any and all such actions or events pertaining to the operation of your business that is outside of the ordinary course of business immediately after you contemplate entering into such an arrangement so that the appropriate documents can be prepared and filed if such action requires Court approval.**

Initials: _____ LF

WILLIAM H. BROWNSTEIN & ASSOCIATES,
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Lydia Ray Forrest
Re: Representation
September 22, 2014
Page 5 of 11

It is understood and acknowledged that our fees are **not** limited to any flat amount and that once the Chapter 11 case is filed there is absolutely no way of guaranteeing the amount of fees or costs and that the initial cash retainer is only an estimate based on prior experience of what will be expended relating to this case. This is particularly so because the three assets comprising the assets of this estate were listed in your personal case, in which case you received a discharge and for which no payments have been made for a considerable time. Additionally, a relief from stay motion was filed in the Chapter 7 case and that motion's outcome is speculative even if this case is converted to one under Chapter 11.

6.    **Waiver of Conflict of Interest.** In entering into this agreement you understand, acknowledge and confirm that you understand that after a careful review and consideration of the documents which you provided and as a result of our meetings it has been determined that although the Firm does not currently nor has it ever represented your husband, Ron Norman, Esq., that you have authorized the Firm to disclose what is occurring in this case to him and to meet with him and deal with him in this case.

You have been advised to consult an independent attorney of your choosing to evaluate and consider whether to waiver the conflict of interest that may exist in my representation of the Client in the matters subject to this Agreement, and any future matters, and you have either, after consulting counsel, or after indecently and freely deciding not to obtain the advice of counsel, agreed to waive any conflict of interest that may exist regarding the representation of you by the Firm, or any professional, paraprofessional, of counsel, employee, agent or other party working for or with the Firm in your case, including Mr. Norman, your husband. You also specifically direct and authorize me to deal with Ron Norman, whom I am also requesting this waiver of conflict of interest, and to whom I will be consulting and obtaining my directions as to what to do.

7.    **Costs**. Our firm incurs costs on your behalf for postage, facsimile transmissions and receipts, photocopies of documents (such as correspondence and pleadings), telephones (including mobile phone) charges, Court reporters, Jury fees, Subpoena charges, binders for presentation of Court documents and other supplies which are used in connection with your case as well as messenger fees, attorney service fees, filing fees and other costs incurred in your representation. These expenses will be individually itemized.

We are not obligated to advance the extraordinary charges noted above; however, to the extent we do so, you will reimburse us for these costs.

Secretarial, paralegal, litigation support and clerk overtime may be necessary, but

Initials: _____ LF

WILLIAM H. BROWNSTEIN & ASSOCIATES,
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Lydia Ray Forrest
Re: Representation
September 22, 2014
Page 6 of 11

only if you want, or it is required that a project be completed within an otherwise unreasonable time frame. We will generally advance such costs as they are normal and nominal in amount. To the extent we do so, you will reimburse us for such costs at the actual amount we incur for these expenses. In certain circumstances, if the amount of such expenditures are expected to be extraordinarily large, we may ask that you advance the amount of such costs.

Item-by-item approval of every expense-related decision is usually impractical. Accordingly, you are hereby giving us advance permission to incur reasonable costs on your behalf.

Due to time delays inherent in our bookkeeping system, one or more billing cycles may elapse between the date we incur costs and the time such costs are reflected on your bill.

8.      **Retainers**.  I have requested that you pay my offices an initial retainer of $15,000.00 plus the filing fees associated with this case, which, will require and additional payment of the filing fee for the fling of the Chapter 11 petition and the filing fee for filing the motion to continue the automatic stay.

9.      **Periodic Bills**. You will be billed periodically. Our bills will reflect the amount of fees, the time expended and hourly rate for the attorneys and other professionals rendering service on your behalf. Our bills will also include costs incurred on your behalf.

You agree that we may incur (or advance) services or costs as mentioned in this Agreement (although the obligation to pay for such services and costs is yours, not ours), and include such items in our bill to you. You agree to pay us for such services or costs.

As this is a Chapter 11 case any final fees after the filing of the case will be subject to Bankruptcy Court approval.

10.     **Outcome: Estimates of Fees and Costs**. It is difficult, to make any estimate of what the ultimate outcome of our representation will be. Although we are optimistic that we will be successful in our collection efforts, there is never any certainty in litigation, nor of the timing of the collection of any recovery, should our efforts be successful. For that reason we are not providing you with any estimate of what you will recover as a result of our representation. Furthermore, since this is a contingency fee arrangement the Firms fees will be based on the ultimate recovery.

11.     **Collection Expenses**. To the extent allowed by law (and only to the extent that such provision does not invalidate any other provision of this Agreement, such as the

Initials: _____ LF

WILLIAM H. BROWNSTEIN & ASSOCIATES,
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Lydia Ray Forrest
Re: Representation
September 22, 2014
Page 7 of 11

arbitration provision), in the event that we are forced to initiate collection action against you to collect our fees and costs, you agree, by signing this Agreement, to be responsible for all expenses of collection and all attorneys fees and costs actually incurred by us in connection with such efforts whether or not a lawsuit is filed.

12.    **Enforcement of Judgment.** In the event a judgment is obtained for fees and costs which are unpaid, you agree to pay the attorneys fees and costs incurred in enforcing said judgment. This paragraph is not intended to merge with any judgment obtained based on this Agreement and is separate and distinct from the attorneys' fees and costs provision of the paragraph above.

13.    **Obligation to Comply with Court Orders and Cooperate with Firm.** You agree to honor and comply with all Court orders and rules. It is a material condition of our agreeing to represent you that you honor and obey all orders duly issued by the Court in this dissolution proceeding. We will not be a party to any knowing violation of a Court order or rule.

You also agree (a) to tell us the truth and cooperate with us; (b) to keep us informed of your address and telephone number; © to provide us with all necessary facts; (d) to confirm the completeness and accuracy of all such information; (e) to advise us whether any document I have prepared or received and sent to you for your approval or review is accurate;  (f) to advise us of new facts because this may warrant a change of strategy; (g) to cooperate with us by providing deposition answers to questions, appearing at depositions and at hearings and signing such papers concerning the matter as may be required. We need to rely on the information you provide, as well as your assistance and guidance, to represent you properly.

14.    **Duties upon End of Active Involvement.** Upon cessation of our active involvement in this matter, we will have no further duty to inform you of future developments or changes in law as may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor future dates or deadlines.

15.    **Records and Files Retention.** After Firm's representation of you has been concluded or completed by judgment, settlement or otherwise, you may take possession of our files regarding this representation. The Firm maintains electronic filings and as such it is likely that your files will be maintained on our computers and the Firm may not have hard copies of any files. The Firm will maintain possession of your files for five (5) years after the date of judgment. After that, Firm is entitled to dispose your files after making a reasonable attempt to notify you of Firm' s intention to take such action.

16.    **This Agreement is Not Confidential.** This Agreement may be disclosed to

Initials: LF

WILLIAM H. BROWNSTEIN & ASSOCIATES,
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Lydia Ray Forrest
Re: Representation
September 22, 2014
Page 8 of 11

the Court, your husband with regard to his waiver of a potential conflict of interest, and, therefore, you waive confidentiality with respect to its contents.

17. **Cellular Calls: Email**. Cellular phone calls may pose a security risk in that they are subject to being intercepted by third parties which may waive the attorney/client privilege. The use of computer e-mail may similarly pose a problem as we do not have encryption software. Nonetheless, because of the convenience of those methods of communication, we will use them unless you advise us in writing not to communicate with you in such fashion.

18. **Privacy Notice**. You have been provided with a copy of the Firm's Privacy Notice, receipt of which you hereby acknowledge.

19. **Miscellaneous.**

a. This Agreement is governed by California law and sets forth our entire agreement for rendering professional services. It can be amended or modified only in a writing signed by both of us.

b. This Agreement may be signed in one or more counterparts.

c. If any provision of this Agreement is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions of this Agreement which can be given effect without such provisions, and to this end the provisions of this Agreement are severable.

d. This Agreement, once signed, will be an important legally binding contract having substantial financial impact upon you. We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so. If you wish advice, you should consult independent counsel of your choice.

e. This Agreement may be signed via facsimile with the facsimile signature having the same force and effect as an original signature.

f. Client authorizes and acknowledges that the Firm may make electronic copies of the documents and cause the original documents to be destroyed. Also, at the end of the engagement Client may obtain the files and if Client fails to request said files the Firm may at its option, at the end of three years from the termination of services have all files destroyed or, as noted above, may have them copied into electronic medium by having them scanned, and destroy the original documents at such time as they deem fit prior to the expiration of three years.

g. The Firm is a debt relief agency as that term is defined under 11 U.S.C.

Initials: _LF_

WILLIAM H. BROWNSTEIN & ASSOCIATES.
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

Lydia Ray Forrest
Re: Representation
September 22, 2014
Page 9 of 9

§101(12A).

h.    It is understood that this Agreement only pertains to you only and does not include any other person or entity in which you have any relationship.

Please contact me as soon as possible if this Agreement does not accurately reflect your understanding.

We are enclosing two copies of this Agreement. If you are satisfied with this Agreement, please sign both copies **and** initial the bottom of pages 1 through 11. Please keep one copy for yourself.

Very truly yours,

William H. Brownstein, President,
William H. Brownstein & Associates, Professional Corporation

AGREED, APPROVED AND ACCEPTED:

Lydia Ray Forrest

Initials: LF

**WILLIAM H. BROWNSTEIN & ASSOCIATES,
PROFESSIONAL CORPORATION**

### PRIVACY NOTICE

Attorneys, like other professionals who advise on personal financial matters, are required by federal law to inform their clients of their policies regarding the privacy of client information. Attorneys have been, and continue to be, bound by professional standards of confidentiality that are even more stringent than those required by federal law.

In the course of providing our clients with certain advise, we may receive nonpublic personal financial information from our clients, their accountants and other representatives, such as financial statements, tax returns and other personal information. All nonpublic personal information that we receive regarding our clients or former clients is held in strict confidence in accordance with our professional obligations, and is not released to people outside the Firm, except with your consent or as required by law. We may share certain information with third parties who assist us in providing our services to you (such as administrative and client service functions) or marketing our services, as permitted by law, subject to the obligation of these third parties not to use or disclose such information for any other purpose.

We retain records relating to professional services that we provide so that we are better able to assist you with your professional needs and, in some cases, to comply with professional guidelines. In order to guard your non public personal information from unauthorized disclosure, we maintain physical, electronic and procedural safeguards that comply with our professional standards.

Initials: ____ LF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1250 Sixth Street, Suite 205, Santa Monica, CA  90401-1637

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER EMPLOYING PROFESSIONAL [LBR 2014-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/14/2014          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)     10/14/2014          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
 William H. Brownstein on behalf of Lydia R. Forrest, Debtor, Brownsteinlaw.bill@gmail.com
 Katherine R. Bunker on behalf of United States Trustee, (SV), Kate-Bunker@USDOJ.gov
 United States Trustee (WH), USTRegion16.WH.ecf@usdoj.gov

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   10/14/2014          , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
 Maureen Tighe, Bankruptcy Judge, 21041 Burbank Boulevard, Chambers, Woodland Hills, CA  91367 - Messenger

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/14/2014 | Cynthia Pieler | |
| *Date* | *Printed Name* | *Signature* |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| In re:<br>LYDIA R. FORREST, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:14-bk-14361MT |

1ST DATA
4000 CORAL RIDGE DRIVE
CORAL SPRINGS, FL 33065

BK OF AMER
4060 OGLETOWN/STANTON RDDE5-019-03-07
DE5-019-03-07
NEWARK, DE 19713

CHASE
PO BOX 24696
COLUMBUS, OH 43224-0696

CHASE
201 N. WALNUT ST//DE1-1027
WILMINGTON, DE 19801

DISCOVER
PO BOX15316ATT:CMS/PROD DEVELOP
ATT:CMS/PROD DEVELOP
WILMINGTON, DE 19850-5316

GMAC MTG
PO BOX 4622
WATERLOO, IA 50704

GREEN TREE
PO BOX 6172
RAPID CITY, SD 57709

Green Tree Servicing LLC
345 St. Peter Street
St Paul, MN 55102

HONDA FIN
10801 WALKER ST STE 140
CYPRESS, CA 90630

Internal Revenue Service
Central Insolvency Unit, P.O. Box 21125
Philadelphiia, PA 19114

John Edwards

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                               **F 9013-3.1**

| In re:<br>LYDIA R. FORREST,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 1:14-bk-14361MT |
|---|---|

KEY EDUCA
745 ATLANTIC AVE STE 300BK# 3211 COST CT
BK# 3211 COST CTR#6297035
BOSTON, MA 02111

KEYBANK
800 SUPERIOR 6TH FLOOR
CLEVELAND, OH 44114

LPP Mortgage, LTD
6000 Legacy Drive
Plano, TX 75024

NATL CITY
PO BOX94982 ATTCREDITLOAN DIPULOC# 01-71LOC# 01-7114
CLEVELAND, OH 44101

Ryan M. Davies, Esq.
AMSL Legal Group, LLP
400 Exchange, Suite 100
Irvine, CA 92602

SEARS/CBNA
133200 SMITH RD
CLEVELAND, OH 44130

State of California, Franchise Tax Board
Franchise Tax Board Attn: Bankruptcy
P.O. Box 2952
Sacramento, 95812-2952

SYNCB/DILL
4125 WINDWARD PLAZA
ALPHARETTA, GA 30005

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                    **F 9013-3.1**