1  **PETER C. ANDERSON**
   **UNITED STATES TRUSTEE**
2  Jennifer L. Braun, State Bar No. 130932
   Assistant United States Trustee
3  Katherine Bunker, State Bar No. 240593
   Trial Attorney
4  **OFFICE OF THE UNITED STATES TRUSTEE**
   915 Wilshire Blvd, Suite 1850
5  Los Angeles, California 90017
   (213) 894-3326 telephone
6  (213) 894-0276 facsimile
   Email: kate.bunker@usdoj.gov
7

8

9              **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11              **SAN FERNANDO VALLEY DIVISION**

12 In re:                              ) Case No.: 1:14-bk-14361-MT
                                        )
13 **LYDIA R. FORREST**,                ) Chapter 11
                                        )
14        Debtor.                       ) **UNITED STATES TRUSTEE'S**
                                        ) **OBJECTION TO NOTICE OF MOTION**
15                                      ) **AND MOTION IN INDIVIDUAL**
                                        ) **CHAPTER 11 CASE FOR ORDER**
16                                      ) **EMPLOYING PROFESSIONAL AND**
                                        ) **REQUEST FOR HEARING;**
17                                      ) **DECLARATION OF ALFRED COOPER**
                                        ) **IN SUPPORT THEREOF**
18                                      )
                                        ) DATE:    To be determined
19                                      ) TIME:    To be determined
                                        ) CTRM:    302
20                                      )
                                        )
21                                      )
                                        )
22 _____)

23        NOTICE IS HEREBY GIVEN that the Peter C. Anderson, the United States Trustee for the

24 Central District of California, ("U.S. Trustee") hereby files an Objection to the Notice of Motion

25 and Motion in Individual Chapter 11 Case for Order Employing Professional ("Objection") and

26 requests a hearing on the Notice of Motion and Motion in Individual Chapter 11 Case for Order

27 Employing Professional ("Employment Application").  Pursuant to Local Bankruptcy Rule

28 ("LBR") 9013-1(o)(4), if the moving party fails to timely set the matter for hearing within 14 days

1  from the date of service of this Objection, the Court may deny the Employment Application without

2  prejudice, without further notice or hearing.

3  **I.      INTRODUCTION**

4          The U.S. Trustee has reviewed the Employment Application and objects to the Employment

5  Application based on the grounds that the applicant has failed to provide evidence of any unusual or

6  extraordinary circumstances that warrant shortening the period between interim fee applications to

7  30 days.

8  **II.     FACTS**

9  1.     Lydia R. Forrest ("Debtor") filed a voluntary chapter 11 petition on September 24, 2014.

10 2.     On her schedules, the Debtor lists owning a single piece of real property, three secured

11        creditors, no unsecured priority creditors, and $20,168 in general unsecured debt.

12        Declaration of Alfred Cooper, Exhibit A.

13 3.     On October 14, 2014, William H. Brownstein & Associates, P.C. ("Applicant") filed its

14        Employment Application.

15 4.     The Employment Application states that the Debtor agreed to pay Applicant a $15,000

16        retainer. Employment Application at 5. It also explains, however, that the Debtor was able

17        to pay Applicant only $5,000 prepetition, and has agreed to pay Applicant an additional

18        $1,000 a month until the $15,000 is paid in full. *Id.* These additional payments are to be

19        held in Applicant's trust account pending Court approval of any payment of fees. *Id.*

20 5.     The Employment Application requests that the Applicant be authorized to file interim fee

21        applications in the case every 30 days rather than every 120 days as provided in 11 U.S.C.

22        § 331. *Id.* at 4. In support of this request, the Employment Application attaches a

23        Declaration of Professional In Support of Motion for Order Shortening the Interval between

24        Filing Interim Fee Applications ("Declaration"). *Id.* at 8. In the Declaration, William H.

25        Brownstein, declares that, "It would be a hardship to perform services for the estate without

26        compensation for a period in excess of 120 days . . . because I am a sole practitioner. I am

27        the sole source of support for my office and my family consisting of my wife and four

28        children, two or whom are in collect." *Id.*

III.    **ARGUMENT**

Section 331 states that a professional person "may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title."  The customary compensation procedure requires a professional to file an application for compensation, which is subject to a notice and a hearing prior to the allowance or payment of fees, no more than every 120 days.  11 U.S.C. § 331.

Shortening the interval between filing interim fee applications should be allowed only under exceptional circumstances.  As the Ninth Circuit Bankruptcy Appellate Panel ("BAP") has explained, altering the Bankruptcy Code's payment procedures for professionals should be done only in rare cases with extraordinary circumstances.  *See In re Knudsen Corp.*, 84 B.R. 668 (9th Cir. B.A.P. 1988).  In *Knudsen*, the bankruptcy court authorized counsel to submit a statement of compensation and reimbursement of expenses at the end of each month, without prior court approval of payments.  84 B.R. at 669-70.  The BAP held that the procedure approved was the exception rather than the general rule, and laid out the required findings for said procedures to be approved:

> In general, professionals must file applications for compensation which are subject to a noticed hearing prior to allowance or payment of fees.  However, in the rare case where the court can make the following findings, a fee retainer procedure like the one here may be authorized:
>     1.    The case is an unusually large one in which an exceptionally large amount of fees accrue each month;
>     2.    The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
>     3.    The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; and
>     4.    The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

*Id*. at 672-73. The BAP specifically pointed out that such procedures should only be used "in certain rare circumstances where adequate safeguards are taken[.]"  *Id*. at 671.

1    Similarly, in *In re Pacific Forest Industries, Inc.*, the bankruptcy court in this Division

2    denied a solo practitioner's request to be paid in a procedure different than what is delineated by

3    § 331.  95 B.R. 740, 745 (Bankr. C.D. Cal. 1989).  In reaching that conclusion, the Honorable

4    Geraldine Mund analyzed the attorney-client relationship in chapter 11 bankruptcy cases:

5         It is clearly the intent of Congress that professionals involved in the reorganization
6         effort itself be carefully scrutinized, that their dealings be open to the public, that
          they maintain the distance from the debtor that is not possible for an employee, and
7         that they not drain the debtor of the capital that it needs to fund its reorganization.
          Whether Congress intended it or not, the fact that attorneys for the debtor-in-
8         possession will not be paid on a regular basis keeps the attorney alert to the ongoing
          reorganization chances of the debtor. . . .  The Bankruptcy Code has given the
9         attorney an incentive to care more about the relationship of the debtor-in-possession
          to the estate than the gains that the debtor may have through delaying reorganization
10        or acting in a self-serving manner.

11

12   *Id*. at 743.  The Court found that the professional's proposal to alter the payment procedure would

13   interfere with the professional-client relationship intended by the Bankruptcy Code.  *Id*.  "[I]t is not

14   appropriate to protect the attorney (who clearly can choose his client) and not the other creditors

15   who may have had no such informed option.  Removing the incentive of the attorney to carefully

16   oversee the dealings of his client is not a benefit to the estate nor to the bankruptcy system as a

17   whole."  *Id*.

18   Other cases have reached similar conclusions, finding that deviation from the payment

19   procedure set forth in the Bankruptcy Code should be the exception rather than the norm.  In *In re*

20   *Dunkin's Diamonds, Inc.*, the bankruptcy court stated that a reduction of the 120 day time period

21   between interim fee applications  requires a finding that the case raises "unusual circumstances

22   warranting more frequent applications."  *In re Dunkin's Diamonds, Inc.*, 420 B.R. 572, 575-76

23   (Bankr. M.D. Fla. 2009).  Cases in addition to *In re Knudsen* (where the attorney fees exceeded

24   $250,000 a month) also have recognized that large and complex cases may warrant payment of

25   professionals more frequently than every 120 days.  *See In re Mariner Post-Acute Network, Inc.*,

26   257 B.R. 723, 727 (Bankr. D. Del. 2000) (citing *In re Bennett Funding Group, Inc.*, 213 B.R. 227,

27   232 (Bankr. N.D.N.Y. 1997); *In re Kaiser Steel Corp.*, 74 B.R. 885, 892 (Bankr. D. Colo. 1987).

28

1    Here, the Employment Application fails to provide any evidence of unusual or extraordinary

2    circumstances in the case that warrant shortening the period between interim fee applications.  The

3    case is not large or complex.  Rather, the sworn schedules show that this is an individual case, with

4    one parcel of property, three secured creditors, and approximately $20,000 in general unsecured

5    debt.  Declaration of Alfred Cooper, Exhibit A.  Thus, it is far from complex; it is a single asset real

6    estate case which appears to have been filed under chapter 11 only because the debt limits under 11

7    U.S.C. § 109 exclude the Debtor from chapter 13 relief.

8    Moreover, while Applicant claims that there would be a "hardship," *In re Knudsen* requires

9    "*undue* hardship" caused by the accrual of an exceptionally large amount of fees each month,

10    among other factors.  84 B.R. at 672-73 (emphasis added).  Otherwise, all chapter 11 professionals

11    can and will claim that it would be a hardship if they are not paid immediately for all or their

12    services in every case.  This case is not a complex case, and should not result in the accrual of

13    voluminous fees.  Also, the Debtor has paid $5,000 and is agreeing to pay another $1,000 a month,

14    to be held in the Applicant's trust account until the Applicant's full $15,000 retainer is paid.

15    Accordingly, this is not a case in which there will be no monies to pay the Applicant's fees.

16    Moreover, shortening the interval between fee applications will increase the professional

17    fees and expenses related to fee applications, thereby leaving less money to distribute to the

18    creditors.  Furthermore, if additional professionals are employed subsequent to Applicant, each

19    professional may end up filing fee applications at different times and intervals, which will increase

20    the burden on the Court to have hear interim fee applications at staggered times.  For all of these

21    reasons, the request for payment every 30 days should be denied unless the Applicant satisfies the

22    *Knudsen* factors and provides evidence of extraordinary circumstances in this case.

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

- 5 -

1

**IV.    CONCLUSION**

2          Based on the foregoing, the U.S. Trustee requests that the Court set this matter for hearing

3   and deny approval of the Applicant's *Knudsen* payment request.

4   DATED: October 27, 2014                          UNITED STATES TRUSTEE

5                                                    By: _/s/ *Katherine Bunker*_____

6                                                          Katherine Bunker
                                                         Trial Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                   **DECLARATION OF ALFRED COOPER**

2         I, Alfred Cooper, declare

3         1.      I am a Paralegal Specialist with the Woodland Hills, California office of the

4 United States Trustee, and am the Paralegal assigned to this bankruptcy case.  I have personal

5 knowledge of the facts set forth herein.

6         2.      Attached hereto as Exhibit A is a true copy of the schedules filed in this case on

7 October 23, 2014, that I printed from the Court's electronic case files.

8         I declare under penalty of perjury that the foregoing facts are true and correct.

9 Executed on October 27, 2014, in Los Angeles, California.

10

11                                 By: /s/ *Alfred Cooper*

12                                        Alfred Cooper
                                       Paralegal Specialist

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

B 6 Summary (Official Form 6 - Summary) (12/13)                                                                                    2013 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re
**Lydia R Forrest**                                                ,          Case No. **1:14-bk-14361MT**
_____ _Debtor_ _____

Chapter **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 1,080,000.00 | | |
| B - Personal Property | | | $  55,956.53 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $  1,539,100.40 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $  0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $  20,168.00 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $  10,338.00 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $  8,061.68 |
| TOTAL | | 0 | $ 1,135,956.53 | $  1,559,268.40 | |

B6A (Official Form 6A) (12/07)                                               2007 USBC, Central District of California

In re  Lydia R Forrest,                                              Case No.    1:14-bk-14361MT
_____                                              _____
                            Debtor                                                   (If  known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTORS INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Rental Property - Home<br><br>5230 Teesdale Avenue, Valley Village CA  91607 | Community Property | C | $1,080,000.00 | $1,380,000.00 |
| | | Total 4 | $1,080,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)                                                              2007 USBC, Central District of California

In re  **Lydia R Forrest,**_____          Case No.    **1:14-bk-14361MT**_____
                                    **Debtor**                                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | | W | $500.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account in the name of Debtor and her non-debtor spouse P.O. Box 6995, Portland, OR  97228-6995 | J | $912.62 |
| | | Checking account in the name of Debtor and her non-debtor spouse | C | $7,464.91 |
| | | Bank account at Wells Fargo Bank | W | $10.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household goods and furhishings, no individual item worth more than $580, per attachment | C | $7,325.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | | W | $500.00 |
| 7. Furs and jewelry. | | See attached. | W | $2,325.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | See attached | C | $655.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

LYDIA FORREST
CASE NO. 1:14-bk-14361MT

#4 LISTING OF HOUSEHOLD GOODS AND FURNISHINGS

| MASTER BEDROOM | | |
|---|---|---|
| | Queen bed | 150. |
| | Couch | 75. |
| | 2- Small lamps | 20. |
| | 2- Small dressers | 300. |
| | Lamp | 100. |
| | Side table | 50. |
| | Chair & Ottoman | 60. |
| | Framed mirror | 60. |
| | Drapes | 350. |
| BEDROOM 2 | | |
| | Twin bed w/frame | 75. |
| | Cabinet | 60. |
| | Desk | 100. |
| | Secretary Chair | 30. |
| | Lamp | 75. |
| | LazyBoy chair | 50. |
| | Drapes | 150. |
| BEDROOM 3 | | |
| | 4 Book cabinets | 240. |
| | Credenza | 250. |
| | Table | 20. |
| | Futon | 60. |
| | Secretary Chair | 25. |
| | Drapes | 150. |
| HOME OFFICE (2nd Floor Landing) | | |
| | Desk | 150. |
| | Secretary Chair | 15. |
| | Computer | 75. |
| | Desktop computer | 125. |
| | Chair | 30. |
| | Floor lamp | 40. |
| | Shredder | 20. |
| | Printer | 30. |
| | Desk phone | 20. |
| | Book case | 50. |
| DINING ROOM | | |
| | Table/chairs | 500. |
| | Curio cabinet | 100. |
| | Small table | 30. |
| | Stone table base | 50. |

LYDIA FORREST
CASE NO. 1:14-bk-14361MT

#4 LISTING OF HOUSEHOLD ITEMS CONTINUED.

| | | |
|---|---|---|
| | Drapes | 150. |
| LIVING ROOM/ HOME OFFICE | Pool table (Not standard size) | 250. |
| | Computer Cabinet | 75. |
| | 2- Desk Chairs | 50. |
| | Printer | 75. |
| | 2- Filing cabinets | 100. |
| | 2- shelved storage cabinets | 120. |
| | Small 3-drawer cabinet | 25. |
| | Misc'l Office Supplies: | 200. |
| ENTRY WAY | | |
| | Mirror | 75. |
| | 2- Wall sconces | 40. |
| | Entry table | 250. |
| | Silk flowers | 40. |
| | 2- Chairs | 100. |
| DEN | | |
| | Couch (Damaged) | 75. |
| | Coffee table/glass top | 100. |
| | 4- barrel chairs | 300. |
| | Chess table | 100. |
| | 2- chairs (chess table) | 80. |
| | Small Lamp | 30. |
| | Side table/ glass top | 60. |
| | Silk tree | 60. |
| GUEST BEDROOM | | |
| | Full bed | 100. |
| | Clothes cabinet | 60. |
| | Refrigerator | 75. |
| MISC'L | | |
| | Washer & Dryer | 300. |
| | Kitchen table/chairs | 500. |
| | Patio table/chairs | 250. |
| | | |
| TOTAL | | $7,325.00 |

LYDIA FORREST

#5 BOOKS, PICTURES, ETC.

| MASTER BEDROOM | | | |
|---|---|---|---|
| | 3- Framed Pictures | | 70. |
| | MISC'L OBJECTS: | | |
| | | 4 small frames | 50. |
| | | Art décor/elephants | 50. |
| | | Ceramic Horse | 50. |
| | | 2 -Candle holders | 20. |
| LIVING ROOM/ HOME OFFICE | Framed art | | 150. |
| | MISC'L small décor items | | 50. |
| DINING ROOM | | | |
| | 5 small crystal items | | 375. |
| | 4 - Framed pictures (desktop style) | | 30. |
| | 8 pc. Set of stemware | | 45. |
| DEN | | | |
| | MISC'L OBJECTS | | |
| | | 3- small desk frames | 25. |
| | | Outdated Stereo | 50. |
| | | Large Ceramic Bowl | 30. |
| | | Chess set | 20. |
| | | 3- Framed wall pictures | 60. |
| | ALL BOOKS | | 150. |
| TOTAL | | | $1,175.00 |

*We do not own any antiques, coin collection, stamps, items of valuable art, etc.

#7 FURS AND JEWELRY

| | | |
|---|---|---|
| Wedding band (Silver) | | 250. |
| Diamond engagement ring (Silver) | | 700. |
| Gold  bracelet | | 250. |
| 3 gold rings w/peridot & amethysts | | 350. |
| 4 – Gold necklace chains | | 375. |
| 1  Small Diamond w/gold necklace | | 400. |
| | | |
| TOTAL | | $2,325.00 |

*I do not own any furs.
*Other than my engagement ring I wear costume jewelry as I have an allergy to metals.

LYDIA FORREST
CASE NO: 1:14-bk-14361MT

#8 FIREARMS, SPORTS & PHOTOGRAPHIC ETC.

| | |
|---|---:|
| Canon Powershot SD600 | 35. |
| Sony PJ380 Video Camera | 400. |
| 3 Piece Lighting set with green screen & stand | 220. |
| | |
| TOTAL | $655.00 |

B 6B  (Official Form 6B) (12/2007)                                                    2007 USBC, Central District of California

In re  **Lydia R Forrest,**                                              Case No.    **1:14-bk-14361MT**
_____                                       _____
                    **Debtor**                                                                 **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 5404 Whitsett Avenue, Suite 133, Valley Village, CA  91607 | C | $2,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | | W | $18,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

B 6B  (Official Form 6B) (12/2007)                                      2007 USBC, Central District of California

In re  **Lydia R Forrest,**_____          Case No.    **1:14-bk-14361MT**_____
                         **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | | W | $1,572.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies.. | | | W | $100.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | | C | $20.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Debtor is on an account for convenience for her aged mother in Florida at JP Morgan Case Bank A/C No. xxxx 8857. That account is used for mothers wholly owned rental property in Florida and had $9,745.02 in it at the time of the filing of this case. | | $0.00 |

B 6B  (Official Form 6B) (12/2007)                                    2007 USBC, Central District of California

In re **Lydia R Forrest,** _____    Case No.    **1:14-bk-14361MT** _____
                          **Debtor**                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
|  |  | In Debtor's possession | C | $14,572.00 |

<u>3</u> continuation sheets attached        Total ▶                          $55,956.53
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

B6C (Official Form 6C) (04/13)                                              2013 USBC, Central District of California

In re **Lydia R Forrest,**                                         Case No.   **1:14-bk-14361MT**
_____                                    _____
                    **Debtor**                                                     **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ○ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $155,675.*
◉ 11 U.S.C. § 522(b)(2)
◉ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Checking account in the name of Debtor and her non-debtor spouse | C.C.P. § 703.140(b)(5) | $912.62 | $912.62 |
| Household goods and furhishings, no individual item worth more than $580, per attachment | C.C.P. § 703.140(b)(3) | $7,325.00 | $7,325.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(3) | $500.00 | $500.00 |
| See attached. | C.C.P. § 703.140(b)(4) | $1,425.00 | $2,325.00 |
|  | C.C.P. § 703.140(b)(1) | $900.00 |  |
| License 5KCE493 | C.C.P. § 703.140(b)(2) | $1,572.00 | $1,572.00 |
| The value of this is unknown but believed to be nominal as it has zero retained earnings and it is a Subchapter S corporation. |  | $2,000.00 | $2,000.00 |
| ***Property personal description CO*** |  | $4,950.00 | $18,000.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(5) | $500.00 | $500.00 |
| Checking account in the name of Debtor and her non-debtor spouse | C.C.P. § 703.140(b)(1) | $7,464.91 | $7,464.91 |
| Bank account at Wells Fargo Bank | C.C.P. § 703.140(b)(1) | $10.00 | $10.00 |
| See attached | C.C.P. § 703.140(b)(3) | $655.00 | $655.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(6) | $100.00 | $100.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(1) | $14,572.00 | $14,572.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(3) |  | $20.00 |

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of
adjustment.*

B 6D (Official Form 6D) (12/07)                                                    2007 USBC, Central District of California

**In re** Lydia R Forrest                                              ,    **Case No.** 1:14-bk-14361MT
                          **Debtor**                                                                    **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 6068<br><br>**Green Tree Servicing LLC**<br>**345 St. Peter Street**<br>**St Paul , MN 55102** | | | **Secondary Mortgage**<br><br>**Debtor's home and rental units on one lot. APN 2346-018-004.**<br>VALUE $ **$1,080,000.00** | | X | | **$158,000.00** | **$158,000.00** |
| Notes: Totally undersecured. Will seek to have secured claim avoided and treated as totally secured unless under applicable law the loan is forgiven. | | | | | | | | |
| Additional Contacts for Green Tree Servicing LLC (6068): <br><br>  Ryan M. Davies, Esq.<br>  AMSL Legal Group, LLP<br>  400 Exchange, Suite 100<br>  Irvine, CA 92602 | | | | | | | | |
| ACCOUNT NO. 4667<br><br>**LPP Mortgage, LTD**<br>**6000 Legacy Drive**<br>**Plano, TX 75024** | | | 08/03/2007<br>**First Mortgage**<br><br>**Debtor's home and rental units on one lot. APN 2346-018-004.**<br>VALUE $ **$1,080,000.00** | | X | | **$1,381,100.40** | **$261,100.40** |
| Notes: This is a mixed use property, partially occupied by the Debtor and partially rented. As such, it is not considered the Debtor's primary See Attachment 1 | | | | | | | | |
| ACCOUNT NO.<br><br>**\*\*\*Creditor secured mailing state RMC\*\*\*** | | | **\*\*\*Creditor secured nature of lien RMC\*\*\***<br><br>VALUE $ **$0.00** | | | | **$0.00** | |

| <u>  0  </u> continuation sheets attached | Subtotal ►<br>(Total of this page) | $    **1,539,100.40** | $    **419,100.40** |
|---|---|---|---|
| | Total ►<br>(Use only on last page) | $    **1,539,100.40** | $    **419,100.40** |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

# Attachment

**Attachment 1**

residence for purposes of the Bankruptcy Code. The claim of the secured creditor includes
default interest, costs, attorney fees, principal and note interest. Debtor is still in the process
of determining the correct amount of the claim.

As of November 1, 2014, monthly payment is $2,237.07 and impounds $1,380.16

B 6E (Official Form 6E) (04/13)                                        2013 USBC, Central District of California

**In re**  Lydia R Forrest                                    Case No. 1:14-bk-14361MT
                          Debtor                                        *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____0_____  continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.                                                                              2013 USBC, Central District of California

In re **Lydia R Forrest**_____,          Case No. **1:14-bk-14361MT**_____
                    **Debtor**                                                        **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. __1__ of __0__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals➤ (Totals of this page)      $ **0.00**   $ **0.00**   $**0.00**

Total➤
(Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.)      $

Totals➤
(Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)      $     $

B 6F (Official Form 6F) (12/07)

2007 USBC, Central District of California

In re **Lydia R Forrest** _____ ,    Case No. **1:14-bk-14361MT** _____
                                                    Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    2000<br><br>**1ST DATA**<br>**4000 CORAL RIDGE DRIVE**<br>**CORAL SPRINGS, FL 33065** | | | 7/1/2004<br><br>**LEASE** | | | | **$-1.00** |
| **ACCOUNT NO.**    6503<br><br>**BK OF AMER**<br>**4060 OGLETOWN/STANTON**<br>**RDDE5-019-03-07**<br>**DE5-019-03-07**<br>**NEWARK, DE 19713** | | | 12/1/2007<br><br>**SETTLEMENT ACCEPTED ON THIS ACCOUNT  PAID ACCOUNT / ZERO BALANCE** | | | | **$0.00** |
| **ACCOUNT NO.**    1378<br><br>**CHASE**<br>**201 N. WALNUT ST//DE1-1027**<br>**WILMINGTON, DE 19801** | | | 1/1/2008<br><br>**ACCOUNT TRANSFERRED OR SOLD  CHARGED OFF ACCOUNT** | | | | **$0.00** |
| **ACCOUNT NO.**    6349<br><br>**CHASE**<br>**201 N. WALNUT ST//DE1-1027**<br>**WILMINGTON, DE 19801** | | | 1/1/2008<br><br>**SETTLEMENT ACCEPTED ON THIS ACCOUNT  PAID ACCOUNT / ZERO BALANCE** | | | | **$0.00** |

**3** continuation sheets attached

Subtotal➤  $    **-1.00**

Total➤  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  Lydia R Forrest                                    ,    Case No.  1:14-bk-14361MT
                    **Debtor**                                                           **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    7924  **CHASE** PO BOX 24696 COLUMBUS, OH 43224-0696 | | | **11/1/2007**  SETTLEMENT ACCEPTED ON THIS ACCOUNT ACCOUNT PAID AFTER FORECLOSURE STARTED | | | | **$0.00** |
| **ACCOUNT NO.**    0001  **CHASE** 201 N. WALNUT ST//DE1-1027 WILMINGTON, DE 19801 | | | **6/1/2003**  PAID ACCOUNT / ZERO BALANCE  ACCOUNT CLOSED BY CREDIT GRANTOR | | | | **$0.00** |
| **ACCOUNT NO.**    2614  **DISCOVER** PO BOX15316ATT:CMS/PROD DEVELOP ATT:CMS/PROD DEVELOP WILMINGTON, DE 19850-5316 | | | **1/1/2007**  ACCOUNT INVOLVED IN CHAPTER 13 DEBT ADJ CREDIT CARD | | | | **$0.00** |
| **ACCOUNT NO.**    9627  **GMAC MTG** PO BOX 4622 WATERLOO, IA 50704 | | | **8/1/2007**  ACCOUNT TRANSFERRED OR SOLD  REAL ESTATE MORTGAGE | | | | **$0.00** |

Sheet no. **1** of **3** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

|  | Subtotal▶ | $ | **0.00** |
|---|---|---|---|
|  | Total▶ (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | $ | |

In re **Lydia R Forrest** _____,     Case No. **1:14-bk-14361MT**
          **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.     5606 **GREEN TREE PO BOX 6172 RAPID CITY, SD 57709** | | | 8/1/2007 **ACCOUNT TRANSFERRED OR SOLD  SECOND MORTGAGE** | | | | **$0.00** |
| ACCOUNT NO.     5544 **HONDA FIN 10801 WALKER ST STE 140 CYPRESS, CA 90630** | | | 12/1/2006 **PAID ACCOUNT / ZERO BALANCE  AUTO** | | | | **$0.00** |
| ACCOUNT NO. **John Edwards ***Creditor unsecured mailing state RMC**** | | | **General Services** | | | | **$20,000.00** |
| ACCOUNT NO.     7804 **KEY EDUCA 745 ATLANTIC AVE STE 300BK# 3211 COST CTR#6297035 BK# 3211 COST CTR#6297035 BOSTON, MA 02111** | | | 9/1/2004 *****Creditor unsecured consideration RMC**** | | | | **$-1.00** |

Sheet no. __**2**__ of __**3**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $   **19,999.00**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Lydia R Forrest** ,                                    Case No. **1:14-bk-14361MT**
           **Debtor**                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**　　**0001**　　　　　　　　　　　**KEYBANK**　**800 SUPERIOR 6TH FLOOR**　**CLEVELAND, OH 44114** | | | **9/1/2004**　**STUDENT LOAN** | | | | **$170.00** |
| **ACCOUNT NO.**　　**8952**　　　　　　　　　　　**NATL CITY**　**PO BOX94982**　**ATTCREDITLOAN DIPULOC#**　**01-7114**　**LOC# 01-7114**　**CLEVELAND, OH 44101** | | | **8/1/2007**　**CHARGED OFF ACCOUNT**　**HOME EQUITY** | | | | **$0.00** |
| **ACCOUNT NO.**　　**9592**　　　　　　　　　　　**SEARS/CBNA**　**133200 SMITH RD**　**CLEVELAND, OH 44130** | | | **1/1/1999**　**PAID ACCOUNT / ZERO BALANCE  ACCOUNT CLOSED BY CREDIT GRANTOR** | | | | **$0.00** |
| **ACCOUNT NO.**　　**7281**　　　　　　　　　　　**SYNCB/DILL**　**4125 WINDWARD PLAZA**　**ALPHARETTA, GA 30005** | | | **8/1/2003**　**PAID ACCOUNT / ZERO BALANCE  AMOUNT IN H/C COLUMN IS CREDIT LIMIT** | | | | **$0.00** |

Sheet no. __3__ of __3__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $     **170.00**

Total▶ $     **20,168.00**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)                                           2007 USBC, Central District of California

In re **Lydia R Forrest,**                                    Case No.  **1:14-bk-14361MT**
_____                              _____
                    **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

⬤ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B 6H (Official Form 6H) (12/07)                                                                        2007 USBC, Central District of California

**In re** **Lydia R Forrest,**                                                    **Case No.** **1:14-bk-14361MT**
                                                    **Debtor**                                                                                    **(if known)**

# SCHEDULE H - CODEBTORS

※ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**Fill in this information to identify your case:**

Debtor 1 **Lydia R Forrest**
First Name        Middle Name            Last Name

Debtor 2
(Spouse, if filing) First Name        Middle Name            Last Name

United States Bankruptcy Court for: **Central District of California**

Case number **1:14-bk-14361MT**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition
chapter 13 income as of the following date:
_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may Include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☐ Employed<br>☒ Not employed | ☒ Employed<br>☐ Not employed |
| Occupation |  | **Attorney at Law** |
| Employer's name |  | **Reliable Properties** |
| Employer's address | Number   Street | **6399 Wilshire Boulevard, Suite**<br>Number   Street<br>**608** |
|  | City      State    ZIP Code | **Los Angeles, CA 90048**<br>City      State    ZIP Code |
| How long employed there? | _____ | **6 months** |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $_____ | $ **5,000.00** |
| 3. | **Estimate and list monthly overtime pay.** | 3. + $_____ | + $ **0.00** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ **0.00** | $ **5,000.00** |

Debtor 1    **Lydia R Forrest**
　　　　　　First Name　　Middle Name　　　　Last Name

Case number *(if known)* 1:14-bk-14361MT

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here .................................................................➔ 4. | $ 0.00 | $ 5,000.00 |

5. **List all payroll deductions:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $_____ | $ 0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $_____ | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $_____ | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $_____ | $ 0.00 |
| 5e. **Insurance** | 5e. | $_____ | $ 0.00 |
| 5f. **Domestic support obligations** | 5f. | $_____ | $ 0.00 |
| 5g. **Union dues** | 5g. | $_____ | $ 0.00 |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $_____ | + $ 0.00 |

| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 5,000.00 |

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | 8a. | $ 0.00 | $ 0.00 |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.

| | 8c. | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |

8f. **Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.

Specify: **Social Security Payments**

| | 8f. | $ 0.00 | $ 1,913.00 |
|---|---|---|---|
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify: **See Attachment 1** | 8h. | + $ 1,150.00 | + $ 2,275.00 |

| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 1,150.00 | $ 4,188.00 |
|---|---|---|---|

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

10.    $ 1,150.00    +    $ 9,188.00    =    $ 10,338.00

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12.    $ 10,338.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☒ Yes. Explain:    **Monthly rental is expected to increase by $1,250.00.**

# Addendum

**Attachment 1**

    **Description: Law practice**
    **Debtor's Amount: $0.00**
    **Spouse's Amount: $1,000.00**

    **Description: Publishing royalties**
    **Debtor's Amount: $0.00**
    **Spouse's Amount: $125.00**

    **Description: Rental income**
    **Debtor's Amount: $1,150.00**
    **Spouse's Amount: $1,150.00**

**Fill in this information to identify your case:**

| Debtor 1 | **Lydia R Forrest** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for : **Central District of California**

Case number **1:14-bk-14361MT**
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
expenses as of the following date:
_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☒ No.  Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☒ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor  2.

   Do not state the dependents' names.

   ☒ No
   ☐ Yes. Fill out this information for each dependent..........................

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☐ No
   ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

| | | | Your expenses |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $ **2,237.07** |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. | $ **1,502.61** |
| 4b. | Property, homeowner's, or renter's insurance | 4b. | $ **100.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | $ **50.00** |
| 4d. | Homeowner's association or condominium dues | 4d. | $ **0.00** |

| Debtor 1 | **Lydia R Forrest** | | | Case number *(if known)* | **1:14-bk-14361MT** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

|  | **Your expenses** |
|---|---|

| | | |
|---|---|---|
| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. $ 0.00 |
| 6. | **Utilities:** | |
| 6a. | Electricity, heat, natural gas | 6a. $ 500.00 |
| 6b. | Water, sewer, garbage collection | 6b. $ 135.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ 200.00 |
| 6d. | Other. Specify: _____ | 6d. $ 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ 1,200.00 |
| 8. | **Childcare and children's education costs** | 8. $ 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ 30.00 |
| 10. | **Personal care products and services** | 10. $ 0.00 |
| 11. | **Medical and dental expenses** | 11. $ 25.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ 80.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ 15.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | |
| 15a. | Life insurance | 15a. $ 107.00 |
| 15b. | Health insurance | 15b. $ 680.00 |
| 15c. | Vehicle insurance | 15c. $ 0.00 |
| 15d. | Other insurance. Specify: **Homeowner's Insurance** | 15d. $ 100.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **See Attachment 1** | 16. $ 1,100.00 |
| 17. | **Installment or lease payments:** | |
| 17a. | Car payments for Vehicle 1 | 17a. $ 0.00 |
| 17b. | Car payments for Vehicle 2 | 17b. $ 0.00 |
| 17c. | Other. Specify: _____ | 17c. $ |
| 17d. | Other. Specify: _____ | 17d. $ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. $ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | |
| 20a. | Mortgages on other property | 20a. $ 0.00 |
| 20b. | Real estate taxes | 20b. $ 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | 20c. $ 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. $ 0.00 |
| 20e. | Homeowner's association or condominium dues | 20e. $ 0.00 |

| Debtor 1 | **Lydia R Forrest** | | | Case number *(if known)* | **1:14-bk-14361MT** |
| | First Name | Middle Name | Last Name | | |

21. **Other**. Specify: _____    21.   +$ __0.00_____

22. **Your monthly expenses.** Add lines 4 through 21.
The result is your monthly expenses.    22.   $ __8,061.68_____

23. **Calculate your monthly net income.**

   23a.   Copy line 12 (*your combined monthly income*) from *Schedule I.*    23a.   $ __10,338.00_____

   23b.   Copy your monthly expenses from line 22 above.    23b.   − $ __8,061.68_____

   23c.   Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*    23c.   $ __2,276.32_____

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.
☐ Yes.   Explain here:

# Addendum

**Attachment 1**

    **Description: IRS**
    **Amount: 1,000.00**

    **Description: FTB**
    **Amount: 100.00**

In re **Lydia R Forrest** _____ ,  Case No. **1:14-bk-14361MT** _____
       **Debtor**                                                            **(if known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**17**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **October 23, 2014** _____  Signature: **/s/Lydia R Forrest** _____
                                                                        **Lydia R Forrest** Debtor

Date _____  Signature: _____
                                                                      (Joint Debtor, if any)

                                              [If joint case, both spouses must sign.]

--------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____  _____
Printed or Typed Name and Title, if any,  Social Security No.
of Bankruptcy Petition Preparer  *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____  _____
  Signature of Bankruptcy Petition Preparer                         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

--------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                         Signature: _____

                                                 _____
                                                 [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

--------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): U.S. Trustee's Objection to Notice of Motion and Motion In Individual Chapter 11 Case for Order Employing Professional and Request for Hearing; Declaration of Alfred Cooper In Support Thereof

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/28/14          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

William H Brownstein     Brownsteinlaw.bill@gmail.com
Katherine Bunker     kate.bunker@usdoj.gov
Leslie M Klott     bankruptcy@zievelaw.com
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   10/28/14          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Lydia R. Forrest
5230 Teesdale Avenue
Valley Village, CA 91607

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   10/28/14          , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Maureen Tighe
21041 Burbank Blvd.
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/28/14 | Maria Marquez | /s/ Maria Marquez |
|----------|---------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                   **F 9013-3.1.PROOF.SERVICE**