William H. Brownstein, SBN 84507
WILLIAM H. BROWNSTEIN & ASSOCIATES,
**PROFESSIONAL CORPORATION**
1250 SIXTH STREET
SUITE 205
SANTA MONICA, CALIFORNIA 90401-1637
Telephone: (310) 458-0048
Telecopier: (310) 576-3581
E-Mail: Brownsteinlaw.bill@gmail.com

Attorneys for Debtor and
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:14-bk-14361MT |
| LYDIA RAY FORREST, | In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.) |
| Debtor and Debtor in Possession. | NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER AND NOTICE OF DISMISSAL PURSUANT TO 11 U.S.C. § 521(i)(1) FOR FAILURE TO FILE COPIES OF PAYMENT ADVICES (PAY STUBS) REQUIRED UNDER § 521(a)(1)(B)(iv); POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF AND EXHIBITS |
| | Date: March 19, 2015 Time: 9:30 a.m. Ctrm: 302 Floor: Third |

TO THE HONORABLE MAUREEN TIGHE, BANKRUPTCY JUDGE, THE UNITED

STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES

IN INTEREST:

PLEASE TAKE NOTICE that Lydia Ray Forrest, the above-captioned Debtor and

Debtor in Possession (the "Debtor" and/or "Movant"), by and through her counsel William H.

Brownstein & Associates, Professional Corporation has filed this Notice of Motion and

Motion for Reconsideration of Order and Notice of Dismissal Pursuant to 11 U.S.C. § 521(i)(1) for Failure to File Copies of Payment Advices (Pay Stubs) Required under § 521(a)(1)(B)(Iv); Points and Authorities; Declaration in Support Thereof and Exhibits (the "Motion"), and that unless an order shortening time for notice of the hearing is granted, in which case a sooner hearing on the Motion will take place, the hearing on the Motion will take place on March 19, 2015 at 9:30 a.m., or as soon thereafter as the Honorable Maureen Tighe, Bankruptcy Judge, will hear the matter is her courtroom which is located at 21041 Burbank Boulevard, Courtroom 302, Third Floor, Woodland Hills, California 91367. In support of this Motion, Movant makes the following representations, allegations and assertions:

1.     Debtor is the Debtor in Possession in the above-captioned case having filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 24, 2014 and for all times thereafter she has remained in possession pursuant to 11 U.S.C. §1107 and 1108.

2.     As the case docket will reflect, the Debtor has bee diligently pursuing her reorganization and to that end she has obtained a bar date for filing creditor claims, which was served on all parties, she has a pending hearing on her lien avoidance motion, currently set for March 5, 2015 at 9:30 a.m., has employed counsel and has filed all operating reports and required filings with the United States Trustee for the Central District of California.  See Case Docket as of February 12,2015, attached to the Declaration of William H. Brownstein (the "Brownstein Declaration") as Exhibit "1".

3.     This Court granted an order extending the deadline for filing schedules, statements and the other filings required in the Bankruptcy Case on 10/8/2014. See Doc. No. 16. That Order extended the deadline for all filings through October 23, 2014.

4.     On October 23, 2015 as Doc. No. 29, Debtor filed all schedules and statements in this case. Among those filings were pages 56 and 57, true and correct copies of which are incorporated to the Brownstein Declaration as Exhibit "2".

5.     On February 12, 2015 as Doc. No. 59, this Court entered its ORDER AND NOTICE OF DISMISSAL PURSUANT TO 11 U.S.C. § 521(i)(1) FOR FAILURE TO FILE

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER AND NOTICE OF DISMISSAL PURSUANT TO 11 U.S.C. § 521(i)(1) FOR FAILURE TO FILE COPIES OF PAYMENT ADVICES (PAY STUBS) REQUIRED UNDER § 521(a)(1)(B)(iv); POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF AND EXHIBITS

2

COPIES OF PAYMENT ADVICES (PAY STUBS) REQUIRED UNDER § 521(a)(1)(B)(iv) (the

"Dismissal Order"), a true and correct copy of which is incorporated to the Brownstein

Declaration as Exhibit "3".

6.    The Dismissal Order provides in pertinent part:

"The debtor has not made a request pursuant to 11 U.S.C. § 521(i)(3) within 45 days after the date of the filing of the petition resulted in the Court's allowing the debtor an additional period to file such information; and

The trustee has not filed a motion before the expiration of the 45‑day period that resulted in the Court's declining to dismiss case upon a finding that the debtor attempted in good faith to file all the information required by 11 U.S.C. § 521(i)(1) (B)(iv)  that the best interests of creditors would be served by administration of the case;

Therefore, IT IS ORDERED that:

1)    Pursuant to 11 U.S.C. § 521(i)(1), the case is dismissed, the automatic stay is vacated, and all pending motions and adversary proceedings are moot and dismissed, effective the 46th day after the date of the filing of the petition.
2)    Any discharge entered in this case is hereby vacated in its entirety.
3)    The Court retains jurisdiction on all issues arising under Bankrupt Code § 110, 329 and 362."

7.    The Order is incorrect in that the Debtor did make a request for an extension of time for filing schedules, statements and other filings required within 45 days after the filing of her case and the Debtor's request was granted. Furthermore, the Debtor did file all such documents as reflected in Doc. No. 29, Pages 56 and 57 on October 23, 2014, which was within 45-days of the filing of her case.

8.    11 U.S.C. §521 provides as follows:

"**(a)** The debtor shall--

**(1)** file--

   **(A)** a list of creditors; and

   **(B)** unless the court orders otherwise--

      **(i)** a schedule of assets and liabilities;

      **(ii)** a schedule of current income and current expenditures;

      **(iii)** a statement of the debtor's financial affairs and, if section 342(b)

      applies, a certificate--

**(I)** of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or

**(II)** if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;

**(iv)** copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;

**(v)** a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

**(vi)** a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;"

9.    As the Debtor had no pay stubs for the 60 days prior to the filing of the petition she complied with 11 U.S.C. §1121(a)(1)(B)(iv) as there were no pay stubs to attach. Furthermore, Doc. No. 29, Pages 56 and 57 shows that such compliance occurred on October 23, 2014, which was within thirty days of the commencement of this case and the date the compliance was granted by the Bankruptcy Court.

10.    It is noted, however, that only after receiving the Dismissal Order that it was discovered that the filing made with this Court had a computer error which showed the boxes that needed to be checked instead of having a check mark as appropriate, had a "G". This should make no difference since there were NO paystubs and the Debtor had none. See Doc. No. 29, Page 57.

11.    Rule 9023, F.R.Bank.Pro. provides as follows:

Rule 9023. New Trials; Amendment of Judgments

" **Except as provided in this rule and Rule 3008, Rule 59 F. R. Civ**

**Pro. applies in cases under  the Code. A motion for a new trial or to alter**

**or amend a judgment shall be filed, and a court may on its own order a**

**new trial, no later than 14 days after entry of judgment**." *[Emphasis added.]*

12.     The case law interpreting Rule 9023 states that the purpose of motion to alter or amend judgment, pursuant to Bankruptcy Rule, is not to give moving party another bite of the apple by permitting movant to argue issues and procedures that could and should have been raised prior to judgment. *In re Standard Foundry Products, Inc.,* Bkrtcy.N.D.Ill.1997, 208 B.R. 164.  And that motions to alter or amend judgments are properly characterized as motions for reconsideration and are within discretion of trial court to grant or deny. *In re Oak Brook Apartments of Henrico County*, Ltd., Bkrtcy.S.D.Ohio 1991, 126 B.R. 535; In re Danzig, 8th Cir.BAP (Mo.) 1999, 233 B.R. 85, *affirmed* 217 F.3d 620, *rehearing and rehearing en banc denied.*; *In re Village Craftsman, Inc.*, Bkrtcy.D.N.J.1993, 160 B.R. 740.

13.     Case law also holds that motions to alter or amend judgments are appropriate only to correct manifest errors of fact or law or to present newly discovered evidence. *In re Oak Brook Apartments of Henrico County, Ltd.,* Bkrtcy.S.D.Ohio 1991, 126 B.R. 535.

14.     The Bankruptcy Court will grant motion for reconsideration of orders and judgment after their entry only under extraordinary circumstances, such as change in law or facts upon which it based its decision, in this case such circumstances exist. *Matter of Midland Mechanical Contractors, Inc.,* Bkrtcy.N.D.Ga.1996, 200 B.R. 453.

15.     As in this case where the prosecution of the case without ever effectuating proper service and based on the disingenuous declarations and statements of Plaintiff and his counsel, would effectuate the goal of rule granting bankruptcy courts license to reconsider orders and judgment after their entry is limited to correction of any manifest errors of law or misapprehension of fact. *Matter of Midland Mechanical Contractors, Inc.,* Bkrtcy.N.D.Ga.1996, 200 B.R. 453.

16.     It is submitted that the Clerk appears to have been erroneous in the statement that the Debtor violated the provisions of 11 U.S.C. §521 as the Debtor has complied. Even if

1  there is some merit to that decision, however, it is submitted that in the interest of justice that

2  this Court should vacate the dismissal and permit the Debtor to proceed with the

3  reorganization of this case in the interest of equity as provided in Rule 59(d), F.R.C.P.

4       17.     Based on the foregoing, it is respectfully prayed that this Honorable Court

5  vacate the Dismissal Order, nunc pro tunc, and permit the Debtor to proceed with her case.

6       PLEASE TAKE NOTICE that Local Bankruptcy Rule 9013-1(f) provides as follows:

7  (f)     Opposition, Joinders, and Responses to Motions. Except as set forth in LBR 7056-1
         with regard to motions for summary judgment or partial summary adjudication, LBRs
8        2014-1(b), 2016-1(a)(2), 3015-1(w) and (x), and 9013-1(o) with regard to motions and
         matters that may not require a hearing, LBR 9075-1 with regard to motions to be
9        heard on an emergency or shortened notice basis or unless otherwise ordered by the
         court, each interested party opposing, joining, or responding to the motion must file
10       and serve on the moving party and the United States trustee not later than 14 days
         before the dated designated for hearing either:

11

12     (1)     A complete written statement of all reasons in opposition thereto or in support
             or joinder thereof, declarations and copies of all photographs and documentary
13           evidence on which the responding party intends to rely, and any responding
             memorandum of points and authorities. The opposing papers must advise the
             adverse party that any reply to the opposition must be filed with the court and
14           served on the opposing party not later than 7 days prior to the hearing on the
             motion; or

15

16     (2)     A written statement that the motion will not be opposed.

17       This Motion is based on the foregoing, the attached Declaration of William H.

18  Brownstein and the Exhibits, on the documents on file in this case and upon such evidence,

19  both oral and documentary as may be presented at the time of the hearing on this Motion.

20       WHEREFORE, Debtor requests an order consistent with this Motion and that this

21  Honorable Court enters such other and further relief as it deems just and proper.

22       DATED: February 13, 2015          Respectfully submitted,

23                                William H. Brownstein & Associates,

24

25                         By: _William H Brownstein_
                              William H. Brownstein, Attorneys for
26                            Debtor and Debtor in Possession,
                              Moving Party
27

28

### DECLARATION OF WILLIAM H. BROWNSTEIN

I, William H. Brownstein, do hereby declare and state as follows:

1.    I am an attorney at law duly admitted to practice before all Court of the State of California and before this Court. I am a certified specialist in Bankruptcy Law by the State Bar of California.  I am the president of William H. Brownstein & Associates, Professional Corporation, whom, pursuant to the Order of the Honorable Maureen Tighe, Bankruptcy Judge, has been employed as counsel for Lydia Ray Forrest, the Debtor and Debtor in Possession. I have been assigned to the Chapter 11 case for the firm and I have personal knowledge of the following facts.

2.    Debtor is the Debtor in Possession in the above-captioned case having filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 24, 2014 and for all times thereafter she has remained in possession pursuant to 11 U.S.C. §1107 and 1108.

3.    As the case docket will reflect, the Debtor has bee diligently pursuing her reorganization and to that end she has obtained a bar date for filing creditor claims, which was served on all parties, she has a pending hearing on her lien avoidance motion, currently set for March 5, 2015 at 9:30 a.m., has employed counsel and has filed all operating reports and required filings with the United States Trustee for the Central District of California. Incorporated herein by this reference as Exhibit "1" is a true and correct copy of the Case Docket as of February 12,2015.

4.    This Court granted an order extending the deadline for filing schedules, statements and the other filings required in the Bankruptcy Case on 10/8/2014. See Doc. No. 16. That Order extended the deadline for all filings through October 23, 2014.

5.    On October 23, 2015 as Doc. No. 29, Debtor filed all schedules and statements in this case. Among those filings were pages 56 and 57, true and correct copies of which are incorporated herein by this reference as Exhibit "2".

6.    On February 12, 2015 as Doc. No. 59, this Court entered its ORDER AND NOTICE OF DISMISSAL PURSUANT TO 11 U.S.C. § 521(i)(1) FOR FAILURE TO FILE COPIES OF PAYMENT ADVICES (PAY STUBS) REQUIRED UNDER § 521(a)(1)(B)(iv) (the

1    "Dismissal Order"), a true and correct copy of which is incorporated therein by this reference

2    as Exhibit "3".

3          7.    The Dismissal Order provides in pertinent part:

4        "The debtor has not made a request pursuant to 11 U.S.C. § 521(i)(3) within 45
     days after the date of the filing of the petition resulted in the Court's allowing the
5    debtor an additional period to file such information; and

6        The trustee has not filed a motion before the expiration of the 45-day period that
     resulted in the Court's declining to dismiss case upon a finding that the debtor
7    attempted in good faith to file all the information required by 11 U.S.C. § 521(i)(1)
     (B)(iv)  that the best interests of creditors would be served by administration of the
8    case;

9        Therefore, IT IS ORDERED that:

10       1)    Pursuant to 11 U.S.C. § 521(i)(1), the case is dismissed, the automatic
               stay is vacated, and all pending motions and adversary proceedings are
11             moot and dismissed, effective the 46th day after the date of the filing of
               the petition.
12       2)    Any discharge entered in this case is hereby vacated in its entirety.
         3)    The Court retains jurisdiction on all issues arising under Bankrupt Code
13             § 110, 329 and 362."

14         8.    In my opinion the Dismissal Order is incorrect in that the Debtor did make a

15   request for an extension of time for filing schedules, statements and other filings required

16   within 45 days after the filing of her case and the Debtor's request was granted. Furthermore,

17   the Debtor did file all such documents as reflected in Doc. No. 29, Pages 56 and 57 on

18   October 23, 2014, which was within 45-days of the filing of her case.

19         9.    I based my opinion in Doc. No. 29 and the reading of 11 U.S.C. §521(a)(1)

20   which provides in pertinent part as follows:

21       "**(a)** The debtor shall--

22       **(1)** file--

23           **(A)** a list of creditors; and

24           **(B)** unless the court orders otherwise--

25               **(i)** a schedule of assets and liabilities;

26               **(ii)** a schedule of current income and current expenditures;

27               **(iii)** a statement of the debtor's financial affairs and, if section 342(b)

28               applies, a certificate--

1    **(I)** of an attorney whose name is indicated on the petition as the

2    attorney for the debtor, or a bankruptcy petition preparer signing

3    the petition under section 110(b)(1), indicating that such attorney

4    or the bankruptcy petition preparer delivered to the debtor the

5    notice required by section 342(b); or

6    **(II)** if no attorney is so indicated, and no bankruptcy petition

7    preparer signed the petition, of the debtor that such notice was

8    received and read by the debtor;

9    **(iv)** copies of all payment advices or other evidence of payment received

10   within 60 days before the date of the filing of the petition, by the debtor

11   from any employer of the debtor;

12   **(v)** a statement of the amount of monthly net income, itemized to show

13   how the amount is calculated; and

14   **(vi)** a statement disclosing any reasonably anticipated increase in

15   income or expenditures over the 12-month period following the date of

16   the filing of the petition;"

17   10.    As the Debtor had no pay stubs for the 60 days prior to the filing of the petition I

18   believe that she complied with 11 U.S.C. §1121(a)(1)(B)(iv) as there were no pay stubs to

19   attach. Furthermore, Doc. No. 29, Pages 56 and 57 shows that such compliance occurred on

20   October 23, 2014, which was within thirty days of the commencement of this case and the

21   date the compliance was granted by the Bankruptcy Court.

22   11.    I note, however, that only after receiving the Dismissal Order did I discover that

23   the filing made with this Court had a computer error which showed the boxes that needed to

24   be checked instead of having a check mark as appropriate, had a "G". This should make no

25   difference since there were NO paystubs and the Debtor had none. See Doc. No. 29, Page

26   57.

27   12.    The Debtor has been diligently prosecuting this case. There is a pending

28   hearing on the lien avoidance/valuation motion for March 5, 2015 at 9:30 a.m. and on behalf

1  of the Debtor I have been working extensively in an effort to resolve all issues pertaining to

2  the major asset of the estate so that the Debtor can proceed with a prompt reorganization of

3  her case. The Dismissal, as I believe was entered in error by the Clerks Office, will, in my

4  opinion, case enormous harm to the Debtor and delay the conclusion of this case.

5          13.    It is submitted that the Clerk appears to have been erroneous in the statement

6  that the Debtor violated the provisions of 11 U.S.C. §521 as the Debtor has complied. Even if

7  there is some merit to that decision, however, it is submitted that in the interest of justice that

8  this Court should vacate the dismissal and permit the Debtor to proceed with the

9  reorganization of this case in the interest of equity as provided in Rule 59(d), F.R.C.P.

10         14.    Based on the foregoing, it is respectfully prayed that this Honorable Court

11 vacate the Dismissal Order, nunc pro tunc, and permit the Debtor to proceed with her case.

12         I declare that the foregoing is true and correct to the best of my knowledge,

13 information and belief under the laws of the United States of America under the penalty of

14 perjury and if called upon to testify thereon as a witness I would be competent to so testify.

15         Executed this 13th day of February 2015.

16

17                                                    _William H. Brownstein_

18                                                    William H. Brownstein

19

20

21

22

23

24

25

26

27

28

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)          https://ecf.cacb.uscourts.gov/cgi-bin/DktRpt.pl?565093416673298-L_1_0-1

Case 1:14-bk-14361-MT      Doc 60      Filed 02/13/15      Entered 02/13/15 09:52:25      Desc
Main Document          Page 11 of 82
Repeat-cacb, PlnDue, DsclsDue, Incomplete, RepeatPACER, DISMISSED

# U.S. Bankruptcy Court
## Central District Of California (San Fernando Valley)
## Bankruptcy Petition #: 1:14-bk-14361-MT

|  |  |
|---|---|
| | *Date filed:* 09/24/2014 |
| *Assigned to:* Maureen Tighe | *Debtor dismissed:* 02/12/2015 |
| Chapter 11 | *341 meeting:* 10/28/2014 |
| Voluntary | *Deadline for filing claims:* 12/15/2014 |
| Asset | *Deadline for filing claims (govt.):* 04/13/2015 |
| | *Deadline for objecting to discharge:* 12/29/2014 |

*Debtor disposition:*  Dismissed for Failure to File
Information

| | |
|---|---|
| ***Debtor*** | represented by **William H Brownstein** |
| **Lydia R. Forrest,** *Debtor* | 1250 6th St Ste 205 |
| 5230 Teesdale Avenue | Santa Monica, CA 90401-1637 |
| Valley Village, CA 91607 | 310-458-0048 |
| LOS ANGELES-CA | Fax : 310-576-3581 |
| 818-761-7181 | Email: Brownsteinlaw.bill@gmail.com |
| SSN / ITIN: xxx-xx-7860 | |
| *aka* **Mrs. Ronald A Norman** | |
| *aka* **Leah Norman** | |
| | |
| ***U.S. Trustee*** | represented by **Katherine Bunker** |
| **United States Trustee (SV)** | 915 Wilshire Blvd., Ste. 1850 |
| 915 Wilshire Blvd, Suite 1850 | Los Angeles, CA 90017 |
| Los Angeles, CA 91007 | 213-894-3326 |
| (213) 894-6811 | Fax : 213-894-0276 |
| | Email: kate.bunker@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 09/24/2014 | 1 (26 pgs; 3 docs) | Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by Lydia R. Forrest List of Equity Security Holders due 10/8/2014. Summary of Schedules (Form B6 Pg 1) due 10/8/2014. Schedule A (Form B6A) due 10/8/2014. Schedule B (Form B6B) due 10/8/2014. Schedule C (Form B6C) due 10/8/2014. Schedule D (Form B6D) due 10/8/2014. Schedule E (Form B6E) due 10/8/2014. Schedule F (Form B6F) due 10/8/2014. Schedule G (Form B6G) due 10/8/2014. Schedule H (Form B6H) due 10/8/2014. Schedule I (Form B6I) due 10/8/2014. Schedule J (Form |

EXHIBIT "1"
11

| | | |
|---|---|---|
| | | B6J) due 10/8/2014. Declaration Concerning Debtors Schedules (Form B6) due 10/8/2014. Statement of Financial Affairs (Form B7) due 10/8/2014. Statement (Form B22B) Due: 10/8/2014. Statement of Social Security Number(s) (Form B21) due by 10/8/2014. Corporate resolution authorizing filing of petitions due 10/8/2014. Corporate Ownership Statement due by 10/8/2014. Notice of Available Chapters (Form B201) due 10/8/2014. Statistical Summary (Form B6 Pg 2) due 10/8/2014. Decl. and Signature and Ntc. to Debtor by Non-Atty BK Petition Preparer (Form B19 pages 1 and 2) due by 10/8/2014. Disclosure of Compensation of Bankruptcy Petition Preparer (Form B280) due by 10/8/2014. Debtor Certification of Employment Income due by 10/8/2014. Incomplete Filings due by 10/8/2014. (Brownstein, William) (Entered: 09/24/2014) |
| 09/24/2014 | 2 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Lydia R. Forrest (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Brownstein, William) (Entered: 09/24/2014) |
| 09/24/2014 | 3 (15 pgs) | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 5230 Teesdale Avenue, Valley Village, CA 91607 and all other property of the Debtor . Fee Amount $176, Filed by Debtor Lydia R. Forrest (Brownstein, William) (Entered: 09/24/2014) |
| 09/24/2014 | | Receipt of Voluntary Petition (Chapter 11)(1:14-bk-14361) [misc,volp1] (1717.00) Filing Fee. Receipt number 38102005. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 09/24/2014) |
| 09/24/2014 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay(1:14-bk-14361-MT) [motion,nmis] ( 176.00) Filing Fee. Receipt number 38102005. Fee amount 176.00. (re: Doc# 3) (U.S. Treasury) (Entered: 09/24/2014) |
| 09/24/2014 | 4 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE WITH CORRECT HEARING INFORMATION. THE FILER IS ALSO INSTRUCTED PER JUDGE TIGHE'S SELF-CALENDARING PROCEDURES, SECTION III TO FILE AN APPLICATION FOR A HEARING ON** |

EXHIBIT "1"

12

| | | |
|---|---|---|
| | | **SHORTENED TIME OR SELF-CALENDAR THIS MATTER FOR 10/15., WHICH IS WITHIN THE 30 DAY PERIOD. MATTER NOT SET FOR HEARING.** (RE: related document(s)3 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Lydia R. Forrest) (Fisher, Liliana) (Entered: 09/24/2014) |
| 09/25/2014 | | Notice of Debtor's Prior Filings for debtor Lydia R. Forrest Case Number 13-17880, Chapter 13 filed in California Central Bankruptcy on 12/26/2013 , Dismissed for Other Reason on 08/28/2014.(Admin) (Entered: 09/25/2014) |
| 09/25/2014 | 5 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 10/28/2014 at 10:30 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Last day to oppose discharge or dischargeability is 12/29/2014. (Keys, Robin) (Entered: 09/25/2014) |
| 09/25/2014 | 6 (5 pgs) | Notice of Hearing Filed by Debtor Lydia R. Forrest (RE: related document(s)3 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 5230 Teesdale Avenue, Valley Village, CA 91607 and all other property of the Debtor . Fee Amount $176, Filed by Debtor Lydia R. Forrest). (Brownstein, William) (Entered: 09/25/2014) |
| 09/25/2014 | 7 (6 pgs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Setting Bar Date for Filing Proofs of Claim *of December 15, 2014* Filed by Debtor Lydia R. Forrest (Brownstein, William) (Entered: 09/25/2014) |
| 09/26/2014 | 8 | Hearing Set (RE: related document(s)3 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Lydia R. Forrest) The Hearing date is set for 10/15/2014 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Gonzalez, Emma) (Entered: 09/26/2014) |
| 09/27/2014 | 9 (4 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting of Creditors Chapter 11 & 12) No. of Notices: 15. Notice Date 09/27/2014. (Admin.) (Entered: 09/27/2014) |
| 09/27/2014 | 10 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Lydia R. Forrest) No. of Notices: 1. Notice Date 09/27/2014. |

EXHIBIT "1"
13

| | | |
|---|---|---|
| | | (Admin.) (Entered: 09/27/2014) |
| 09/27/2014 | [11](2 pgs) | BNC Certificate of Notice (RE: related document(s)[1] Voluntary Petition (Chapter 11) filed by Debtor Lydia R. Forrest) No. of Notices: 1. Notice Date 09/27/2014. (Admin.) (Entered: 09/27/2014) |
| 10/06/2014 | [12](4 pgs) | Motion to Extend Deadline to File Schedules or Provide Required Information *throuh October 23, 2014* Filed by Debtor Lydia R. Forrest (Brownstein, William) (Entered: 10/06/2014) |
| 10/06/2014 | [13](3 pgs) | Notice of lodgment Filed by Debtor Lydia R. Forrest (RE: related document(s)[12] Motion to Extend Deadline to File Schedules or Provide Required Information *throuh October 23, 2014* Filed by Debtor Lydia R. Forrest). (Brownstein, William) (Entered: 10/06/2014) |
| 10/07/2014 | [14](4 pgs) | Order Setting Scheduling and Case Management Conference and Filing of Monthly Reports, Signed on 10/7/2014 (Gonzalez, Emma) (Entered: 10/07/2014) |
| 10/07/2014 | 15 | Hearing Set [14] Status hearing to be held on 11/20/2014 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Gonzalez, Emma) (Entered: 10/07/2014) |
| 10/08/2014 | [16](1 pg) | ORDER approving application for extension of time to file schedules and/or plan, until 10/23/14 (BNC-PDF) Signed on 10/8/2014. (Gonzalez, Emma) (Entered: 10/08/2014) |
| 10/08/2014 | | Receipt of Certification Fee - $11.00 by 05. Receipt Number 10062706. (admin) (Entered: 10/09/2014) |
| 10/09/2014 | [17](5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[14] Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/09/2014. (Admin.) (Entered: 10/09/2014) |
| 10/10/2014 | [18](10 pgs) | Declaration re: non opposition Filed by Debtor Lydia R. Forrest (RE: related document(s)[7] Notice of Motion and Motion in Individual Ch 11 Case for Order Setting Bar Date for Filing Proofs of Claim *of December 15, 2014*). (Brownstein, William) (Entered: 10/10/2014) |

EXHIBIT "1"
14

| | | |
|---|---|---|
| 10/10/2014 | **19** (5 pgs) | Notice of lodgment Filed by Debtor Lydia R. Forrest (RE: related document(s)7 Notice of Motion and Motion in Individual Ch 11 Case for Order Setting Bar Date for Filing Proofs of Claim *of December 15, 2014* Filed by Debtor Lydia R. Forrest). (Brownstein, William) (Entered: 10/10/2014) |
| 10/10/2014 | **20** (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)16 ORDER approving application for extension of time to file schedules and/or plan (BNC-PDF)) No. of Notices: 1. Notice Date 10/10/2014. (Admin.) (Entered: 10/10/2014) |
| 10/14/2014 | **21** (2 pgs) | Order Granting Motion in Individual Ch 11 Case for Order Setting Bar Date for Filing Proofs of Claim (BNC-PDF) (Related Doc # 7) Signed on 10/14/2014. Proofs of Claims due by 12/15/2014. Government Proof of Claim due by 4/13/2015. (Gonzalez, Emma) (Entered: 10/14/2014) |
| 10/14/2014 | **22** (23 pgs) | Application to Employ William H. Brownstein & Associates, Professional Corporation as General Bankruptcy Counsel Filed by Debtor Lydia R. Forrest (Brownstein, William) (Entered: 10/14/2014) |
| 10/14/2014 | **23** (7 pgs) | Proof of service Filed by Debtor Lydia R. Forrest (RE: related document(s)14 Order (Generic) (BNC-PDF)). (Brownstein, William) (Entered: 10/14/2014) |
| 10/14/2014 | **24** (5 pgs) | Notice of Bar Date for Filing Proof of Claim in an Individual Chapter 11 (LBR 3001-1) Filed by Debtor Lydia R. Forrest. (Brownstein, William) (Entered: 10/14/2014) |
| 10/15/2014 | **25** (7 pgs) | Notice of lodgment Filed by Debtor Lydia R. Forrest (RE: related document(s)3 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 5230 Teesdale Avenue, Valley Village, CA 91607 and all other property of the Debtor . Fee Amount $176, Filed by Debtor Lydia R. Forrest). (Brownstein, William) (Entered: 10/15/2014) |
| 10/16/2014 | **26** (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Klott, Leslie. (Klott, Leslie) (Entered: 10/16/2014) |
| 10/16/2014 | **27** (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)21 Order on Motion For Order Setting Bar Date |

EXHIBIT "1"

15

| | | |
|---|---|---|
| | | For Filing Proofs of Claim (Ch 11) (BNC-PDF)) No. of Notices: 1. Notice Date 10/16/2014. (Admin.) (Entered: 10/16/2014) |
| 10/23/2014 | 28 (2 pgs) | Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # 3 ). Signed on 10/23/2014 (Gonzalez, Emma) (Entered: 10/23/2014) |
| 10/23/2014 | 29 (57 pgs) | Declaration Re: Electronic Filing , Schedule A (Official Form B6A) - Real Property , Schedule B (Official Form B6B) - Personal Property , Schedule C (Official Form B6C) - Property Claimed as Exempt , Schedule D (Official Form B6D) - Creditors Holding Secured Claims , Schedule E (Official Form B6E) - Creditors Holding Unsecured Priority Claims , Schedule F (Official Form B6F) - Creditors Holding Unsecured Nonpriority Claims , Schedule G (Official Form B6G) - Executory Contracts and Unexpired Leases , Schedule H (Official Form B6H) - Codebtors , Schedule I (Official Form B6I) - Your Income , Schedule J (Official Form B6J) - Your Expenses , Summary of Schedules (Official Form B6 - Pg1) , Statistical Summary of Certain Liabilities (Official Form B6 - Pg2), Declaration Concerning Debtor's Schedules (Official Form B6) , Statement of Financial Affairs (Official Form B7) , Exhibit C to Voluntary Petition (Official Form B1C) , Chapter 11 Statement of Current Monthly Income (Official Form 22B), Disclosure of Compensation of Attorney for Debtor (Official Form B203) , List of Creditors (Master Mailing List of Creditors) , Verification of Master Mailing List of Creditors - Local Form (LBR 1007-1(d)) Filed by Debtor Lydia R. Forrest. (Brownstein, William) (Entered: 10/23/2014) |
| 10/25/2014 | 30 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)28 Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 10/25/2014. (Admin.) (Entered: 10/25/2014) |
| 10/28/2014 | 31 (39 pgs) | Objection (related document(s): 22 Application to Employ William H. Brownstein & Associates, Professional Corporation as General Bankruptcy Counsel filed by Debtor Lydia R. Forrest) *and Request for Hearing; Declaration of Alfred Cooper In Support Thereof with proof of service* Filed by U.S. Trustee United States Trustee (SV) (Bunker, Katherine) (Entered: 10/28/2014) |

EXHIBIT "1"
16

| | | |
|---|---|---|
| 10/29/2014 | [32](#)<br>(3 pgs) | Stipulation By United States Trustee (SV) and *William H. Brownstein & Associates, P.C. Resolving U.S. Trustee's Objection to Debtor's Motion in Individual Chapter 11 Case for Order Employing Professional with proof of service* Filed by U.S. Trustee United States Trustee (SV) (Bunker, Katherine) (Entered: 10/29/2014) |
| 10/30/2014 | [33](#)<br>(21 pgs) | Amended Schedule B (Official Form B6B) - Personal Property , Amended Schedule C (Official Form B6C) - Property Claimed as Exempt , Amended Schedule I (Official Form B6I) - Your Income , Amended Schedule J (Official Form B6J) - Your Expenses , Declaration Re: Electronic Filing Filed by Debtor Lydia R. Forrest. (Brownstein, William) (Entered: 10/30/2014) |
| 11/02/2014 | [34](#)<br>(30 pgs; 2 docs) | Declaration re: non opposition Filed by Debtor Lydia R. Forrest (RE: related document(s)[22](#) Application to Employ William H. Brownstein & Associates, Professional Corporation as General Bankruptcy Counsel , [32](#) Stipulation By United States Trustee (SV) and *William H. Brownstein & Associates, P.C. Resolving U.S. Trustee's Objection to Debtor's Motion in Individual Chapter 11 Case for Order Employing Professional with proof of service*). (Attachments: # [1](#) Supplement) (Brownstein, William) (Entered: 11/02/2014) |
| 11/02/2014 | [35](#)<br>(5 pgs) | Notice of lodgment Filed by Debtor Lydia R. Forrest (RE: related document(s)[22](#) Application to Employ William H. Brownstein & Associates, Professional Corporation as General Bankruptcy Counsel Filed by Debtor Lydia R. Forrest). (Brownstein, William) (Entered: 11/02/2014) |
| 11/04/2014 | [36](#)<br>(2 pgs) | Order Granting Application to Employ (BNC-PDF) (Related Doc # [22](#)) Signed on 11/4/2014. (Gonzalez, Emma) (Entered: 11/04/2014) |
| 11/06/2014 | [37](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[36](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 11/06/2014. (Admin.) (Entered: 11/06/2014) |
| 11/12/2014 | [38](#)<br>(6 pgs) | Proof of service , Status report Filed by Debtor Lydia R. Forrest (RE: related document(s)[14](#) Order (Generic) (BNC-PDF)). (Brownstein, William) (Entered: 11/12/2014) |

EXHIBIT "1"
17

| | | |
|---|---|---|
| 11/20/2014 | [39](#)<br>(16 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 09/30/2014 Filed by Debtor Lydia R. Forrest. (Brownstein, William) (Entered: 11/20/2014) |
| 11/23/2014 | [40](#)<br>(38 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 10/31/2014 Filed by Debtor Lydia R. Forrest. (Brownstein, William) (Entered: 11/23/2014) |
| 11/24/2014 | [41](#)<br>(3 pgs) | Application *Debtors Application for Order Confirming That Loan Modification* Filed by Debtor Lydia R. Forrest (Brownstein, William) (Entered: 11/24/2014) |
| 11/24/2014 | [42](#)<br>(3 pgs) | Notice of lodgment Filed by Debtor Lydia R. Forrest (RE: related document(s)[41](#) Application *Debtors Application for Order Confirming That Loan Modification* Filed by Debtor Lydia R. Forrest). (Brownstein, William) (Entered: 11/24/2014) |
| 12/03/2014 | [43](#)<br>(1 pg) | Order Granting Debtor's Application for Order Confirming that Loan Modification Discussion will not Violate Stay (BNC-PDF) (Related Doc # [41](#) ) Signed on 12/3/2014 (Remy, Johanne) (Entered: 12/03/2014) |
| 12/05/2014 | [44](#)<br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[43](#) Order on Generic Application (BNC-PDF)) No. of Notices: 1. Notice Date 12/05/2014. (Admin.) (Entered: 12/05/2014) |
| 12/19/2014 | [45](#)<br>(37 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 11/30/2014 Filed by Debtor Lydia R. Forrest. (Brownstein, William) (Entered: 12/19/2014) |
| 01/06/2015 | [46](#)<br>(32 pgs) | Motion to Avoid Lien MGC Mortgage, Inc. with Trinity Financial Services, LLC *and for Order Determining Value of Collateral; Proof of Service* Filed by Debtor Lydia R. Forrest (Brownstein, William) (Entered: 01/06/2015) |
| 01/07/2015 | 47 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION, of 1/29/15, at 9:30 AM, .** (RE: related document(s)[46](#) Motion to Avoid Lien filed by Debtor Lydia R. Forrest) (Gonzalez, Emma) (Entered: 01/07/2015) |

EXHIBIT "1"

18

| | | |
|---|---|---|
| 01/14/2015 | **48**<br>(36 pgs) | Opposition to (related document(s): 46 Motion to Avoid Lien MGC Mortgage, Inc. with Trinity Financial Services, LLC *and for Order Determining Value of Collateral; Proof of Service* filed by Debtor Lydia R. Forrest) Filed by Creditor LPP Mortgage Ltd (Klott, Leslie) (Entered: 01/14/2015) |
| 01/14/2015 | **49**<br>(5 pgs) | Notice of Hearing *Notice of Continued Hearing* Filed by Debtor Lydia R. Forrest (RE: related document(s)46 Motion to Avoid Lien MGC Mortgage, Inc. with Trinity Financial Services, LLC *and for Order Determining Value of Collateral; Proof of Service* Filed by Debtor Lydia R. Forrest). (Brownstein, William) (Entered: 01/14/2015) |
| 01/15/2015 | 50 | Hearing Set (RE: related document(s)46 Motion to Avoid Lien filed by Debtor Lydia R. Forrest) The Hearing date is set for 1/29/2015 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Gonzalez, Emma) (Entered: 01/15/2015) |
| 01/15/2015 | **51**<br>(36 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 12/31/2014 Filed by Debtor Lydia R. Forrest. (Brownstein, William) (Entered: 01/15/2015) |
| 01/19/2015 | **52**<br>(3 pgs) | Opposition to (related document(s): 46 Motion to Avoid Lien MGC Mortgage, Inc. with Trinity Financial Services, LLC *and for Order Determining Value of Collateral; Proof of Service* filed by Debtor Lydia R. Forrest) Filed by Creditor Trinity Financial Services LLC (Paloci, Henry) (Entered: 01/19/2015) |
| 01/20/2015 | 53 | Hearing Set (RE: related document(s)46 Motion to Avoid Lien filed by Debtor Lydia R. Forrest) The Hearing date is set for 1/29/2015 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Gonzalez, Emma) (Entered: 01/20/2015) |
| 01/22/2015 | **54**<br>(6 pgs) | Stipulation By Lydia R. Forrest and *Trinity Financial Services, LLC. and LPP Mortgage, Inc.* Filed by Debtor Lydia R. Forrest (Brownstein, William) (Entered: 01/22/2015) |
| 01/22/2015 | **55**<br>(1 pg) | Proof of service Filed by Debtor Lydia R. Forrest (RE: related document(s)54 Stipulation By Lydia R. Forrest and *Trinity Financial Services, LLC. and LPP Mortgage, Inc.*). (Brownstein, William) (Entered: 01/22/2015) |

EXHIBIT "1"
19

| | | |
|---|---|---|
| 01/22/2015 | [56](#) (4 pgs) | Notice of lodgment Filed by Debtor Lydia R. Forrest (RE: related document(s)[54](#) Stipulation By Lydia R. Forrest and *Trinity Financial Services, LLC. and LPP Mortgage, Inc.* Filed by Debtor Lydia R. Forrest). (Brownstein, William) (Entered: 01/22/2015) |
| 01/23/2015 | [57](#) (1 pg) | Order on Stipulation to Continue Hearing on Motion to Determine Value of Collateral (BNC-PDF) (Related Doc # [54](#) ) Signed on 1/23/2015 (Remy, Johanne) (Entered: 01/23/2015) |
| 01/23/2015 | | Hearing (Bk Motion) Continued (RE: related document(s) [46](#) MOTION TO AVOID LIEN filed by Lydia R. Forrest) Hearing to be held on 03/05/2015 at 09:30 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for [46](#) , (Remy, Johanne) (Entered: 01/23/2015) |
| 01/25/2015 | [58](#) (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[57](#) Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 01/25/2015. (Admin.) (Entered: 01/25/2015) |
| 02/12/2015 | [59](#) (1 pg) | Order and Notice of Dismissal Pursuant to 11 U.S.C. Section 521(i)(1) for Failure to File Copies of Payment Advices (Pay Stubs) Required under Section 521(a)(1)(B)(iv) - **Debtor** Dismissed. All pending motions and adversary proceedings are moot and dismissed. (BNC) (Toomer, Rosalind) (Entered: 02/12/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/13/2015 08:41:21 | | | |
| **PACER Login:** | WBrowns476:2659908:0 | **Client Code:** | Lydia R. Forrest |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-bk-14361-MT Fil or Ent: filed From: 11/14/2013 To: 2/13/2015 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |

EXHIBIT "1"
20

Case 1:14-bk-14361-MT    Doc 60   Filed 02/13/15   Entered 02/13/15 09:52:25   Desc
Main Document    Page 21 of 82

| Billable Pages: | 6 | Cost: | 0.60 |
|-----------------|---|-------|------|

EXHIBIT "1"

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **William H. Brownstein**<br>**1250 Sixth Street, Suite 205**<br>**Santa Monica, California 90401-1637**<br><br>Phone: **(310) 458-0048**    Fax: **(310) 576-3581**<br>California State Bar Number: **84507**<br>☐ Attorney for: **Lydia R Forrest** | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Lydia R Forrest**<br><br><div align="right">Debtor(s).</div> | CASE NO.:  **1:14-bk-14361MT**<br><br>CHAPTER:  **11**<br><br>ADV. NO.: |
|---|---|

## ELECTRONIC FILING DECLARATION
## (INDIVIDUAL)

| | |
|---|---|
| ☐ Petition, statement of affairs, schedules or lists | Date Filed: _____ |
| ☐ Amendments to petition, statement of affairs, schedules or lists | Date Filed: _____ |
| ☐ Other: _____ | Date Filed: _____ |

**PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY**

        I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_____    **October 23, 2014**
*Signature of Signing Party*    Date

**Lydia R Forrest**
_____
*Printed Name of Signing Party*

_____    _____
*Signature of Joint Debtor (if applicable)*    Date

_____
*Printed Name of Joint Debtor (if applicable)*

*November 2006*
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

EXHIBIT "2"
22

**PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY**

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_William H Brownstein_ _____     **October 23, 2014** _____
Signature of Attorney for Signing Party                       Date

**William H. Brownstein** _____
Printed Name of Attorney for Signing Party

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

EXHIBIT "2"

B 6B  (Official Form 6B) (12/2007)                                      2007 USBC, Central District of California

In re Lydia R Forrest, _____          Case No.    1:14-bk-14361MT _____
                        Debtor                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | | W | $500.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account in the name of Debtor and her non-debtor spouse P.O. Box 6995, Portland, OR  97228-6995 | J | $912.62 |
| | | Checking account in the name of Debtor and her non-debtor spouse | C | $7,464.91 |
| | | Bank account at Wells Fargo Bank | W | $10.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household goods and furnishings, no individual item worth more than $580, per attachment | C | $7,325.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | | W | $500.00 |
| 7. Furs and jewelry. | | See attached. | W | $2,325.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | See attached | C | $655.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

LYDIA FORREST
CASE NO. 1:14-bk-14361MT

#4 LISTING OF HOUSEHOLD GOODS AND FURNISHINGS

| MASTER BEDROOM | | |
|---|---|---|
| | Queen bed | 150. |
| | Couch | 75. |
| | 2- Small lamps | 20. |
| | 2- Small dressers | 300. |
| | Lamp | 100. |
| | Side table | 50. |
| | Chair & Ottoman | 60. |
| | Framed mirror | 60. |
| | Drapes | 350. |
| BEDROOM 2 | | |
| | Twin bed w/frame | 75. |
| | Cabinet | 60. |
| | Desk | 100. |
| | Secretary Chair | 30. |
| | Lamp | 75. |
| | LazyBoy chair | 50. |
| | Drapes | 150. |
| BEDROOM 3 | | |
| | 4 Book cabinets | 240. |
| | Credenza | 250. |
| | Table | 20. |
| | Futon | 60. |
| | Secretary Chair | 25. |
| | Drapes | 150. |
| HOME OFFICE (2nd Floor Landing) | | |
| | Desk | 150. |
| | Secretary Chair | 15. |
| | Computer | 75. |
| | Desktop computer | 125. |
| | Chair | 30. |
| | Floor lamp | 40. |
| | Shredder | 20. |
| | Printer | 30. |
| | Desk phone | 20. |
| | Book case | 50. |
| DINING ROOM | | |
| | Table/chairs | 500. |
| | Curio cabinet | 100. |
| | Small table | 30. |
| | Stone table base | 50. |

LYDIA FORREST
CASE NO. 1:14-bk-14361MT

#4 LISTING OF HOUSEHOLD ITEMS CONTINUED.

|  |  |  |
|---|---|---|
|  | Drapes | 150. |
| LIVING ROOM/ HOME OFFICE | Pool table (Not standard size) | 250. |
|  | Computer Cabinet | 75. |
|  | 2- Desk Chairs | 50. |
|  | Printer | 75. |
|  | 2- Filing cabinets | 100. |
|  | 2- shelved storage cabinets | 120. |
|  | Small 3-drawer cabinet | 25. |
|  | Misc'l Office Supplies: | 200. |
| ENTRY WAY |  |  |
|  | Mirror | 75. |
|  | 2- Wall sconces | 40. |
|  | Entry table | 250. |
|  | Silk flowers | 40. |
|  | 2- Chairs | 100. |
| DEN |  |  |
|  | Couch (Damaged) | 75. |
|  | Coffee table/glass top | 100. |
|  | 4- barrel chairs | 300. |
|  | Chess table | 100. |
|  | 2- chairs (chess table) | 80. |
|  | Small Lamp | 30. |
|  | Side table/ glass top | 60. |
|  | Silk tree | 60. |
| GUEST BEDROOM |  |  |
|  | Full bed | 100. |
|  | Clothes cabinet | 60. |
|  | Refrigerator | 75. |
| MISC'L |  |  |
|  | Washer & Dryer | 300. |
|  | Kitchen table/chairs | 500. |
|  | Patio table/chairs | 250. |
|  |  |  |
| TOTAL |  | $7,325.00 |

LYDIA FORREST

#5 BOOKS, PICTURES, ETC.

| MASTER BEDROOM | | | |
|---|---|---|---|
| | 3- Framed Pictures | | 70. |
| | MISC'L OBJECTS: | | |
| | | 4 small frames | 50. |
| | | Art décor/elephants | 50. |
| | | Ceramic Horse | 50. |
| | | 2 -Candle holders | 20. |
| LIVING ROOM/ HOME OFFICE | Framed art | | 150. |
| | MISC'L small décor items | | 50. |
| DINING ROOM | | | |
| | 5 small crystal items | | 375. |
| | 4 - Framed pictures (desktop style) | | 30. |
| | 8 pc. Set of stemware | | 45. |
| DEN | | | |
| | MISC'L OBJECTS | | |
| | | 3- small desk frames | 25. |
| | | Outdated Stereo | 50. |
| | | Large Ceramic Bowl | 30. |
| | | Chess set | 20. |
| | | 3- Framed wall pictures | 60. |
| | ALL BOOKS | | 150. |
| TOTAL | | | $1,175.00 |

*We do not own any antiques, coin collection, stamps, items of valuable art, etc.

Case 1:14-bk-14361-MT    Doc 80    Filed 02/23/15    Entered 02/23/15 09:51:03    Desc
Main Document    Page 29 of 82

#7 FURS AND JEWELRY

| | |
|---|---|
| Wedding band (Silver) | 250. |
| Diamond engagement ring (Silver) | 700. |
| Gold  bracelet | 250. |
| 3 gold rings w/peridot & amethysts | 350. |
| 4 – Gold necklace chains | 375. |
| 1  Small Diamond w/gold necklace | 400. |
| | |
| TOTAL | $2,325.00 |

*I do not own any furs.
*Other than my engagement ring I wear costume jewelry as I have an allergy to metals.

EXHIBIT "2"
29

LYDIA FORREST
CASE NO: 1:14-bk-14361MT

#8 FIREARMS, SPORTS & PHOTOGRAPHIC ETC.

| | |
|---|---:|
| Canon Powershot SD600 | 35. |
| Sony PJ380 Video Camera | 400. |
| 3 Piece Lighting set with green screen & stand | 220. |
| | |
| TOTAL | $655.00 |

B 6B  (Official Form 6B) (12/2007)                                    2007 USBC, Central District of California

In re Lydia R Forrest,                                            Case No.    1:14-bk-14361MT
_____                        _____
                              Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 5404 Whitsett Avenue, Suite 133, Valley Village, CA  91607 | C | $2,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | | W | $18,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

EXHIBIT "2"
31

B 6B  (Official Form 6B) (12/2007)                                              2007 USBC, Central District of California

In re Lydia R Forrest,                                                     Case No.    1:14-bk-14361MT
                                    Debtor                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | | W | $1,572.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies.. | | | W | $100.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | | C | $20.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Debtor is on an account for convenience for her aged mother in Florida at JP Morgan Case Bank A/C No. xxxx 8857. That account is used for mothers wholly owned rental property in Florida and had $9,745.02 in it at the time of the filing of this case. | | $0.00 |

B 6B  (Official Form 6B) (12/2007)                                    2007 USBC, Central District of California

In re Lydia R Forrest,                                          Case No.    1:14-bk-14361MT
_____                                    _____
                    Debtor                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | In Debtor's possession | C | $14,572.00 |

3 continuation sheets attached          Total ▶                                    $55,956.53
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

EXHIBIT "2"
33

B6C (Official Form 6C) (04/13)                                    2013 USBC, Central District of California

In re Lydia R Forrest,                                    Case No.  1:14-bk-14361MT
_____                              _____
            Debtor                                              (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                        $155,675.*
    11 U.S.C. § 522(b)(2)
    11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Checking account in the name of Debtor and her non-debtor spouse | C.C.P. § 703.140(b)(5) | $912.62 | $912.62 |
| Household goods and furhishings, no individual item worth more than $580, per attachment | C.C.P. § 703.140(b)(3) | $7,325.00 | $7,325.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(3) | $500.00 | $500.00 |
| See attached. | C.C.P. § 703.140(b)(4) | $1,425.00 | $2,325.00 |
| | C.C.P. § 703.140(b)(1) | $900.00 | |
| License 5KCE493 | C.C.P. § 703.140(b)(2) | $1,572.00 | $1,572.00 |
| The value of this is unknown but believed to be nominal as it has zero retained earnings and it is a Subchapter S corporation. | | $2,000.00 | $2,000.00 |
| ***Property personal description CO*** | | $4,950.00 | $18,000.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(5) | $500.00 | $500.00 |
| Checking account in the name of Debtor and her non-debtor spouse | C.C.P. § 703.140(b)(1) | $7,464.91 | $7,464.91 |
| Bank account at Wells Fargo Bank | C.C.P. § 703.140(b)(1) | $10.00 | $10.00 |
| See attached | C.C.P. § 703.140(b)(3) | $655.00 | $655.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(6) | $100.00 | $100.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(1) | $14,572.00 | $14,572.00 |
| ***Property personal description CO*** | C.C.P. § 703.140(b)(3) | | $20.00 |

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B 6D (Official Form 6D) (12/07)                                                                    2007 USBC, Central District of California

In re **Lydia R Forrest** _____,    Case No. **1:14-bk-14361MT** _____

Debtor                                                                                    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6068** **Green Tree Servicing LLC** **345 St. Peter Street** **St Paul , MN 55102** | | | Secondary Mortgage Debtor's home and rental units on one lot. APN 2346-018-004. VALUE $ **$1,080,000.00** | | X | | **$158,000.00** | **$158,000.00** |

Notes: Totally undersecured. Will seek to have secured claim avoided and treated as totally secured unless under applicable law the loan is forgiven.

Additional Contacts for Green Tree Servicing LLC (6068):

Ryan M. Davies, Esq.
AMSL Legal Group, LLP
400 Exchange, Suite 100
Irvine, CA 92602

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4667** **LPP Mortgage, LTD** **6000 Legacy Drive** **Plano, TX 75024** | | | 08/03/2007 First Mortgage Debtor's home and rental units on one lot. APN 2346-018-004. VALUE $ **$1,080,000.00** | | X | | **$1,381,100.40** | **$261,100.40** |

Notes: This is a mixed use property, partially occupied by the Debtor and partially rented. As such, it is not considered the Debtor's primary
See Attachment 1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **\*\*\*Creditor secured mailing state RMC\*\*\*** | | | \*\*\*Creditor secured nature of lien RMC\*\*\* VALUE $  **$0.00** | | | | **$0.00** | |

| **0**  continuation sheets attached | Subtotal ► (Total of this page) | $   **1,539,100.40** | $   **419,100.40** |
|---|---|---|---|
| | Total ► (Use only on last page) | $   **1,539,100.40** | $   **419,100.40** |

(Report also on Summary of Schedules.)        (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

# Attachment

**Attachment 1**

residence for purposes of the Bankruptcy Code. The claim of the secured creditor includes default interest, costs, attorney fees, principal and note interest. Debtor is still in the process of determining the correct amount of the claim.
As of November 1, 2014, monthly payment is $2,237.07 and impounds $1,380.16

B 6E (Official Form 6E) (04/13)                                                                 2013 USBC, Central District of California

**In re**  __Lydia R Forrest_____,          Case No. __1:14-bk-14361MT_____
                                    Debtor                                              *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS *(Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)*

☐ **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____0_____ continuation sheets attached
EXHIBIT "2"
37

B 6E (Official Form 6E) (04/13) – Cont.                                                2013 USBC, Central District of California

In re **Lydia R Forrest**_____,          Case No. **1:14-bk-14361MT**_____
                    **Debtor**                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. **1** of **0** continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals' (Totals of this page) — $ **0.00** | $ **0.00** | **$0.00**

Total' (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) — $

Totals' (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) — $ | $

EXHIBIT "2"
38

In re **Lydia R Forrest** _____,   Case No. **1:14-bk-14361MT**
                                   Debtor                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

G   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.   2000**<br><br>**1ST DATA**<br>**4000 CORAL RIDGE DRIVE**<br>**CORAL SPRINGS, FL 33065** | | | 7/1/2004<br><br>LEASE | | | | $-1.00 |
| **ACCOUNT NO.   6503**<br><br>**BK OF AMER**<br>**4060 OGLETOWN/STANTON**<br>**RDDE5-019-03-07**<br>**DE5-019-03-07**<br>**NEWARK, DE 19713** | | | 12/1/2007<br><br>SETTLEMENT ACCEPTED ON THIS ACCOUNT  PAID ACCOUNT / ZERO BALANCE | | | | $0.00 |
| **ACCOUNT NO.   1378**<br><br>**CHASE**<br>**201 N. WALNUT ST//DE1-1027**<br>**WILMINGTON, DE 19801** | | | 1/1/2008<br><br>ACCOUNT TRANSFERRED OR SOLD  CHARGED OFF ACCOUNT | | | | $0.00 |
| **ACCOUNT NO.   6349**<br><br>**CHASE**<br>**201 N. WALNUT ST//DE1-1027**<br>**WILMINGTON, DE 19801** | | | 1/1/2008<br><br>SETTLEMENT ACCEPTED ON THIS ACCOUNT  PAID ACCOUNT / ZERO BALANCE | | | | $0.00 |

**3**  continuation sheets attached

Subtotal  $          **-1.00**

Total  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re **Lydia R Forrest**_____,                                Case No. **1:14-bk-14361MT**_____
　　　　　　　　　　**Debtor**                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    7924** <br><br>**CHASE** <br>**PO BOX 24696** <br>**COLUMBUS, OH 43224-0696** | | | **11/1/2007** <br><br>**SETTLEMENT ACCEPTED ON THIS ACCOUNT ACCOUNT PAID AFTER FORECLOSURE STARTED** | | | | **$0.00** |
| **ACCOUNT NO.    0001** <br><br>**CHASE** <br>**201 N. WALNUT** <br>**ST//DE1-1027** <br>**WILMINGTON, DE 19801** | | | **6/1/2003** <br><br>**PAID ACCOUNT / ZERO BALANCE  ACCOUNT CLOSED BY CREDIT GRANTOR** | | | | **$0.00** |
| **ACCOUNT NO.    2614** <br><br>**DISCOVER** <br>**PO BOX15316ATT:CMS/PROD DEVELOP** <br>**ATT:CMS/PROD DEVELOP** <br>**WILMINGTON, DE 19850-5316** | | | **1/1/2007** <br><br>**ACCOUNT INVOLVED IN CHAPTER 13 DEBT ADJ CREDIT CARD** | | | | **$0.00** |
| **ACCOUNT NO.    9627** <br><br>**GMAC MTG** <br>**PO BOX 4622** <br>**WATERLOO, IA 50704** | | | **8/1/2007** <br><br>**ACCOUNT TRANSFERRED OR SOLD  REAL ESTATE MORTGAGE** | | | | **$0.00** |

Sheet no.__**1**__ of __**3**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

|  | Subtotal' | $ | **0.00** |
|---|---|---|---|

|  | Total' <br>(Use only on last page of the completed Schedule F.) <br>(Report also on Summary of Schedules and, if applicable on the Statistical <br>Summary of Certain Liabilities and Related Data.) | $ |  |
|---|---|---|---|

In re Lydia R Forrest                                    ,          Case No. 1:14-bk-14361MT
                    Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5606 GREEN TREE PO BOX 6172 RAPID CITY, SD 57709 | | | 8/1/2007 ACCOUNT TRANSFERRED OR SOLD SECOND MORTGAGE | | | | $0.00 |
| ACCOUNT NO. 5544 HONDA FIN 10801 WALKER ST STE 140 CYPRESS, CA 90630 | | | 12/1/2006 PAID ACCOUNT / ZERO BALANCE AUTO | | | | $0.00 |
| ACCOUNT NO. John Edwards ***Creditor unsecured mailing state RMC*** | | | General Services | | | | $20,000.00 |
| ACCOUNT NO. 7804 KEY EDUCA 745 ATLANTIC AVE STE 300BK# 3211 COST CTR#6297035 BK# 3211 COST CTR#6297035 BOSTON, MA 02111 | | | 9/1/2004 ***Creditor unsecured consideration RMC*** | | | | $-1.00 |

Sheet no. 2 of 3 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal' $ 19,999.00

Total' $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

EXHIBIT "2"
41

In re Lydia R Forrest                                    ,        Case No.  1:14-bk-14361MT
                    Debtor                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.        0001  KEYBANK 800 SUPERIOR 6TH FLOOR CLEVELAND, OH 44114 | | | 9/1/2004  STUDENT LOAN | | | | $170.00 |
| ACCOUNT NO.        8952  NATL CITY PO BOX94982 ATTCREDITLOAN DIPULOC# 01-7114 LOC# 01-7114 CLEVELAND, OH 44101 | | | 8/1/2007  CHARGED OFF ACCOUNT HOME EQUITY | | | | $0.00 |
| ACCOUNT NO.        9592  SEARS/CBNA 133200 SMITH RD CLEVELAND, OH 44130 | | | 1/1/1999  PAID ACCOUNT / ZERO BALANCE  ACCOUNT CLOSED BY CREDIT GRANTOR | | | | $0.00 |
| ACCOUNT NO.        7281  SYNCB/DILL 4125 WINDWARD PLAZA ALPHARETTA, GA 30005 | | | 8/1/2003  PAID ACCOUNT / ZERO BALANCE  AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | $0.00 |

Sheet no. __3__ of __3__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal'    $        170.00

Total'    $     20,168.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)                                    2007 USBC, Central District of California

In re Lydia R Forrest,                                  Case No.    1:14-bk-14361MT
_____                              _____
                            Debtor                                          (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|

B 6H (Official Form 6H) (12/07)                                                                          2007 USBC, Central District of California

In re Lydia R Forrest,                                                    Case No.  1:14-bk-14361MT
                        Debtor                                                              (if known)

# SCHEDULE H - CODEBTORS

Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Lydia R Forrest** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for: | **Central District of California** | | |
| Case number (If known) | **1:14-bk-14361MT** | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may Include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☐ Employed<br>☒ Not employed | ☒ Employed<br>☐ Not employed |
| Occupation | | _____ | **Attorney at Law** |
| Employer's name | | _____ | **Reliable Properties** |
| Employer's address | | _____<br>Number  Street | **6399 Wilshire Boulevard, Suite**<br>Number  Street<br>**608** |
| | | _____<br>City    State   ZIP Code | **Los Angeles, CA 90408**<br>City    State   ZIP Code |
| How long employed there? | | _____ | **6 months** |

| Part 2: | Give Details About Monthly Income |
|---|---|

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $_____ | $ **5,000.00** |
| 3. **Estimate and list monthly overtime pay.** | 3. | + $_____ | + $ **0.00** |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. | $ 0.00 | $ **5,000.00** |

EXHIBIT "2"

Debtor 1   __Lydia R Forrest_____   Case number *(if known)* __1:14-bk-14361MT__
     First Name    Middle Name    Last Name

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here ............................................................. | | 4. | $ 0.00 | $ 5,000.00 |
| **5. List all payroll deductions:** | | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | | 5a. | $_____ | $ 0.00 |
| 5b. **Mandatory contributions for retirement plans** | | 5b. | $_____ | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | | 5c. | $_____ | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | | 5d. | $_____ | $ 0.00 |
| 5e. **Insurance** | | 5e. | $_____ | $ 0.00 |
| 5f. **Domestic support obligations** | | 5f. | $_____ | $ 0.00 |
| 5g. **Union dues** | | 5g. | $_____ | $ 0.00 |
| 5h. **Other deductions.** Specify: _____ | | 5h. | + $_____ | + $ 0.00 |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | | 6. | $ 0.00 | $ 0.00 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | | 7. | $ 0.00 | $ 5,000.00 |
| **8. List all other income regularly received:** | | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm** | | | | |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | 8a. | $ 0.00 | $ 0.00 |
| 8b. **Interest and dividends** | | 8b. | $ 0.00 | $ 0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | | |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | | 8e. | $ 0.00 | $ 0.00 |
| 8f. **Other government assistance that you regularly receive** | | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. | | | $ 0.00 | $ 1,913.00 |
| Specify:  **Social Security Payments** | | 8f. | | |
| 8g. **Pension or retirement income** | | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify:  **See Attachment 1** | | 8h. | + $ 1,150.00 | + $ 2,275.00 |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | | 9. | $ 1,150.00 | $ 4,188.00 |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | | 10. | $ 1,150.00  +  $ 9,188.00  =  $ 10,338.00 | |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____   11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies   12.   $ 10,338.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

    ☐ No.

    x  Yes. Explain:   **Monthly rental is expected to increase by $1,250.00.**

# Addendum

**Attachment 1**

      **Description: Law practice**
      **Debtor's Amount: $0.00**
      **Spouse's Amount: $1,000.00**

      **Description: Publishing royalties**
      **Debtor's Amount: $0.00**
      **Spouse's Amount: $125.00**

      **Description: Rental income**
      **Debtor's Amount: $1,150.00**
      **Spouse's Amount: $1,150.00**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Lydia R Forrest** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for : | **Central District of California** | | |
| Case number (If known) | **1:14-bk-14361MT** | | |

Check if this is:

An amended filing

A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   x  No.  Go to line 2.
      Yes. **Does Debtor 2 live in a separate household?**

         x  No
            Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**        x  No

   Do not list Debtor 1 and Debtor 2.       Yes. Fill out this information for each dependent..........................

   Do not state the dependents' names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | No  Yes |
| | _____ | _____ | No  Yes |
| | _____ | _____ | No  Yes |
| | _____ | _____ | No  Yes |
| | _____ | _____ | No  Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   No
   Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

| | | | Your expenses |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $ **2,237.07** |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. | $ **1,502.61** |
| 4b. | Property, homeowner's, or renter's insurance | 4b. | $ **100.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | $ **50.00** |
| 4d. | Homeowner's association or condominium dues | 4d. | $ **0.00** |

EXHIBIT "2"
48

| Debtor 1 | **Lydia R Forrest** | | | Case number *(if known)* | **1:14-bk-14361MT** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | **Your expenses** |
|---|---|---|

| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
|---|---|---|---|
| 6. | **Utilities:** | | |
| 6a. | Electricity, heat, natural gas | 6a. | $ **500.00** |
| 6b. | Water, sewer, garbage collection | 6b. | $ **135.00** |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ **200.00** |
| 6d. | Other. Specify: _____ | 6d. | $ 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ **1,200.00** |
| 8. | **Childcare and children's education costs** | 8. | $ 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ **30.00** |
| 10. | **Personal care products and services** | 10. | $ 0.00 |
| 11. | **Medical and dental expenses** | 11. | $ **25.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ **80.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ **15.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. | Life insurance | 15a. | $ **107.00** |
| 15b. | Health insurance | 15b. | $ **680.00** |
| 15c. | Vehicle insurance | 15c. | $ 0.00 |
| 15d. | Other insurance. Specify: **Homeowner's Insurance** | 15d. | $ **100.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **See Attachment 1** | 16. | $ **1,100.00** |
| 17. | **Installment or lease payments:** | | |
| 17a. | Car payments for Vehicle 1 | 17a. | $ 0.00 |
| 17b. | Car payments for Vehicle 2 | 17b. | $ 0.00 |
| 17c. | Other. Specify: _____ | 17c. | $ |
| 17d. | Other. Specify: _____ | 17d. | $ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| 20a. | Mortgages on other property | 20a. | $ 0.00 |
| 20b. | Real estate taxes | 20b. | $ 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| 20e. | Homeowner's association or condominium dues | 20e. | $ 0.00 |

| Debtor 1 | **Lydia R Forrest** | Case number *(if known)* | **1:14-bk-14361MT** |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

21. **Other**. Specify: _____    21. +$ __0.00__

22. **Your monthly expenses.** Add lines 4 through 21.
    The result is your monthly expenses.    22. $ __8,061.68__

23. **Calculate your monthly net income.**

    23a. Copy line 12 (*your combined monthly income*) from *Schedule I*.    23a. $ __10,338.00__

    23b. Copy your monthly expenses from line 22 above.    23b. −$ __8,061.68__

    23c. Subtract your monthly expenses from your monthly income.
        The result is your *monthly net income*.    23c. $ __2,276.32__

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    <sup>x</sup> No.

    Yes.    Explain here:

# Addendum

**Attachment 1**

    **Description: IRS**
    **Amount: 1,000.00**

    **Description: FTB**
    **Amount: 100.00**

B 6 Summary (Official Form 6 - Summary) (12/13)                                      2013 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re                                                          Case No. 1:14-bk-14361MT

__Lydia R Forrest_____,
*Debtor*                                                       Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 1,080,000.00 | | |
| B - Personal Property | | | $ 55,956.53 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $ 1,539,100.40 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $ 20,168.00 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $ 10,338.00 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $ 8,061.68 |
| TOTAL | | 0 | $ 1,135,956.53 | $ 1,559,268.40 | |

EXHIBIT "2"

52

B 6 Summary (Official Form 6 - Summary) (12/13)                                    2013 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re                                                         Case No. __1:14-bk-14361MT__

__Lydia R Forrest_____,
　　　　　　*Debtor*                                          Chapter __11_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ -1.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ -1.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $ 10,338.00 |
| Average Expenses (from Schedule J, Line 22) | $ 8,061.68 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 3,425.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 419,100.40 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 20,168.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 439,268.40 |

EXHIBIT "2"

In re  **Lydia R Forrest** _____ ,    Case No. **1:14-bk-14361MT** _____
                   Debtor                                                 (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __17__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **October 23, 2014** _____    Signature: **/s/Lydia R Forrest** _____
                                                        **Lydia R Forrest** Debtor

Date _____    Signature: _____
                                                        (Joint Debtor, if any)

*[If joint case, both spouses must sign.]*

--------------------------------------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any,    Social Security No.
of Bankruptcy Petition Preparer    *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

X _____    _____
   Signature of Bankruptcy Petition Preparer    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

-----------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                           Signature: _____

                                   _____
                                   [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-----------------------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re: Lydia R Forrest                                    Case No  1:14-bk-14361MT
_____                                  _____
          Debtor                                                (if known)

## STATEMENT OF FINANCIAL AFFAIRS

---

1.  Income from employment or operation of business

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
        the debtor's business, including part-time activities either as an employee or in independent trade or business, from the
        beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
        two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on
        the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates
        of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing
        under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
        spouses are separated and a joint petition is not filed.)

                    AMOUNT                              SOURCE


2. Income other than from employment or operation of business

None    State the amount of income received by the debtor other than from employment, trade, profession, operation of the
        debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a
        joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
        must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
        petition is not filed.)

                    AMOUNT                              SOURCE

Debtor:
            Current Year (2013):
            $21,000.00                          Rental Income


            Previous Year 1
            (2012):$21,000.00                   Rental income


            Previous Year 2 (2011):
            $34,800.00                          Rental income


Joint Debtor:
            N/A

---

3. Payments to creditors

Complete a. or b., as appropriate, and c.

EXHIBIT "2"

None    a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None    b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:

None    c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

4. Suits and administrative proceedings, executions, garnishments and attachments

None    a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Debtor: Lydia R. Forrest Case Number: 1:13-bk-17880MT | Motion for Relief from Stay | United States Bankruptcy Court, Central District of California, San | Dismissed when bankruptcy case was dismissed |

---

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

EXHIBIT "2"

Fernando Valley
Division
21041 Burbank
Boulevard, Woodland
Hills, CA  91367

None    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one
year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS                                                     DESCRIPTION
OF PERSON FOR WHOSE              DATE OF              AND VALUE
BENEFIT PROPERTY WAS SEIZED      SEIZURE              OF PROPERTY

---

5. Repossessions, foreclosures and returns

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS                  DATE OF REPOSSESSION,     DESCRIPTION
OF CREDITOR OR SELLER             FORECLOSURE SALE,         AND VALUE
                                  TRANSFER OR RETURN        OF PROPERTY

---

6. Assignments and receiverships

None    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

                                                          TERMS OF
NAME AND ADDRESS                  DATE OF                  ASSIGNMENT
OF ASSIGNEE                       ASSIGNMENT               OR SETTLEMENT

None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year
immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

                                  NAME AND LOCATION                  DESCRIPTION
NAME AND ADDRESS                  OF COURT              DATE OF       AND VALUE
OF CUSTODIAN                      CASE TITLE & NUMBER   ORDER         OF PROPERTY

---

EXHIBIT "2"

### 7. Gifts

None  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| William H. Brownstein & Associtaes, P.C. | 09/15/2014 | $6,867.00, including filing fees |

### 10. Other transfers

None  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None  b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None — List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None — List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None — List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None — List all property owned by another person that the debtor holds or controls.

EXHIBIT "2"

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Regi Ray, Debtors mother | $9.795.00 | Chase Bank Account xxxx8895 |

---

15. Prior address of debtor

None

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

16. Spouses and Former Spouses

None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
Ronald Norman

---

17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME | NAME AND ADDRESS | DATE OF | ENVIRONMENTAL |
|---|---|---|---|

AND ADDRESS                    OF GOVERNMENTAL UNIT    NOTICE                    LAW

None        c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with
            respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a
            party to the proceeding, and the docket number.

NAME AND ADDRESS                                                        STATUS OR
OF GOVERNMENTAL UNIT                        DOCKET NUMBER                DISPOSITION

---

18 . Nature, location and name of business

None        a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses,
            and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
            executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or
            other activity either full- or part-time within six years immediately preceding the commencement of this case, or in
            which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding
            the commencement of this case.

            If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses,
            and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of
            the voting or equity securities, within six years immediately preceding the commencement of this case.

            If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses,
            and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of
            the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None        b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as
            defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual
debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an
officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a
partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity,
either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in
business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been

EXHIBIT "2"
61

in business within those six years should go directly to the signature page.)

### 19. Books, records and financial statements

None    a. List all bookkeepers and accountants who within two years immediately preceding the filing of this
bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                              DATES SERVICES RENDERED

None    b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy
case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                        DATES SERVICES RENDERED

None    c. List all firms or individuals who at the time of the commencement of this case were in possession of the
books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                          ADDRESS

None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

NAME AND ADDRESS                                              DATE ISSUED

### 20. Inventories

None    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
taking of each inventory, and the dollar amount and basis of each inventory.

|                          |                          | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| DATE OF INVENTORY        | INVENTORY SUPERVISOR     |                          |

None    b. List the name and address of the person having possession of the records of each of the inventories reported
in a., above.

|                          | NAME AND ADDRESSES OF CUSTODIAN |
| DATE OF INVENTORY        | OF INVENTORY RECORDS     |

21. Current Partners, Officers, Directors and Shareholders

None     a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None     b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

22. Former partners, officers, directors and shareholders

None     a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None     b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

23 . Withdrawals from a partnership or distributions by a corporation

None     If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

24. Tax Consolidation Group.

None     If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

EXHIBIT "2"

NAME OF PARENT CORPORATION                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

25. Pension Funds.

None    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND                          TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  October 23, 2014                Signature
                                      of Debtor      /s/Lydia R Forrest

                                      Signature of
                                      Joint Debtor
Date                                  (if any)

0 continuation sheets attached

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

B 1C (Official Form 1, Exhibit C) (9/01)
[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re  Lydia R Forrest, _____   )   Case No.  1:14-bk-14361MT _____
_____Debtor                                )
                                                       )
                                                       )   Chapter  11 _____
                                                       )

## EXHIBIT "C" TO VOLUNTARY PETITION

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

B 22B (Official Form 22B) (Chapter 11) (12/10)

In re **Lydia R Forrest**
_____
                Debtor(s)

Case Number: **1:14-bk-14361MT**
_____
                (If known)

## CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 11 debtor, whether or not filing jointly.  Joint debtors may complete one statement only.

| Part I. CALCULATION OF CURRENT MONTHLY INCOME | | |
|---|---|---|

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☒ Married, not filing jointly. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>c. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ |
| 3 | **Net income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.<br>a. Gross receipts $ 0.00<br>b. Ordinary and necessary business expenses $ 0.00<br>c. Business income  Subtract Line b from Line a. | $ 0.00 | $ |
| 4 | **Net rental and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero.<br>a. Gross receipts $ 0.00<br>b. Ordinary and necessary operating expenses $ 0.00<br>c. Rent  and other real property income  Subtract Line b from Line a. | $ 0.00 | $ |
| 5 | **Interest, dividends, and royalties.** | $ 0.00 | $ |
| 6 | **Pension and retirement income.** | $ 0.00 | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ _____  Spouse $ _____ | $ 0.00 | $ |

B 22B (Official Form 22B) (Chapter 11) (12/10)                                                                                    2

| | | | | | |
|---|---|---|---|---|---|
| 9 | **Income from all other sources**. Specify source and amount.  If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. See Attachment 1: Other Income | | | | |
| | a. | Husbands law practice | $ 1,000.00 | | |
| | b. | Husbands publishing royalties | $ 125.00 | $ 3,425.00 | $ |
| 10 | **Subtotal of current monthly income.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B.  Enter the total(s). | | | $ 3,425.00 | $ |
| 11 | **Total current monthly income.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | | | $ 3,425.00 | |

| | Part II: VERIFICATION | |
|---|---|---|
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this a joint case, both debtors must sign.)* | |
| | Date: **October 23, 2014** _____ | Signature: **/s/Lydia R Forrest** _____ *(Debtor)* |
| | Date: _____ | Signature: _____ *(Joint Debtor, if any)* |

EXHIBIT "2"

# Attachment

**Attachment 1: Other Income**

    **Description: Rental income**
    **Amount: $2,300.00**

**CENTRAL DISTRICT OF CALIFORNIA**

Lydia R Forrest

Case No. 1:14-bk-14361MT

[X] Ronald A. Norman, Esq.

15,000.00

5,000.00

10,000.00

The Debtor will be paying counsel through a third party $500 or more a month until payent of retainer. Billing at reduced hourly rate of $395.00. Fees are NOT limited to any flat amount. As of the time of filing fees that are earnd prior to filing will t taken into income by counsel.

October 23, 2014                         /s//s/ William H. Brownstein
                                         William H. Brownstein

                                         William H. Brownstein & Associates, P.C.

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

In re:  **Lydia R Forrest**

Case No.  **1:14-bk-14361MT**

Chapter  **11**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:                      $ _____

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:                  $ _____

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)         $ _____
    4.  Payroll Taxes                    **N/A** _____
    5.  Unemployment Taxes            _____
    6.  Worker's Compensation         _____
    7.  Other Taxes                 _____
    8.  Inventory Purchases (Including raw  materials)  _____
    9.  Purchase of Feed/Fertilizer/Seed/Spray  _____
  10.  Rent (Other than debtor's principal residence)  _____
  11.  Utilities                    _____
  12.  Office Expenses and Supplies     _____
  13.  Repairs and Maintenance        _____
  14.  Vehicle Expenses             _____
  15.  Travel and Entertainment        _____
  16.  Equipment Rental and Leases     _____
  17.  Legal/Accounting/Other Professional Fees  _____
  18.  Insurance                   _____
  19.  Employee Benefits (e.g., pension, medical, etc.)  _____
  20.  Payments to Be Made Directly By Debtor to Secured Creditors For
         Pre-Petition Business Debts (Specify):

                          _____

  21.  Other (Specify):

                          _____

  22.  Total Monthly Expenses (Add items 3 - 21)    $ **0.00** _____

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

  23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)  $ **0.00** _____

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

In re:  **Lydia R Forrest**

Case No.  **1:14-bk-14361MT**

Chapter **11**

# BUSINESS INCOME AND EXPENSES

## SPOUSE

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:　　　　　　　　　　$ _____

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:　　　　　　　　　　　　　　　　　$ _____

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)　　　$ _____
    4.  Payroll Taxes　　　　　　　　　　　_____
    5.  Unemployment Taxes　　　　　　　_____
    6.  Worker's Compensation　　　　　　_____
    7.  Other Taxes　　　　　　　　　　　_____
    8.  Inventory Purchases (Including raw  materials)　_____
    9.  Purchase of Feed/Fertilizer/Seed/Spray　_____
   10.  Rent (Other than debtor's principal residence)　_____
   11.  Utilities　　　　　　　　　　　　_____
   12.  Office Expenses and Supplies　　　_____
   13.  Repairs and Maintenance　　　　　_____
   14.  Vehicle Expenses　　　　　　　　_____
   15.  Travel and Entertainment　　　　　_____
   16.  Equipment Rental and Leases　　　_____
   17.  Legal/Accounting/Other Professional Fees　_____
   18.  Insurance　　　　　　　　　　　_____
   19.  Employee Benefits (e.g., pension, medical, etc.)　_____

   20.  Payments to Be Made Directly By Debtor to Secured Creditors For
        Pre-Petition Business Debts (Specify):

                                 _____

   21.  Other (Specify):

                                 _____

   22.  Total Monthly Expenses (Add items 3 - 21)　　　$ **0.00** _____

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

   23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)　$ **0.00** _____

EXHIBIT "2"

72

```
1ST DATA
4000 CORAL RIDGE DRIVE
CORAL SPRINGS, FL 33065


BK OF AMER
4060 OGLETOWN/STANTON RDDE5-019-03-07
DE5-019-03-07
NEWARK, DE 19713


CHASE
PO BOX 24696
COLUMBUS, OH 43224-0696


CHASE
201 N. WALNUT ST//DE1-1027
WILMINGTON, DE 19801


DISCOVER
PO BOX15316ATT:CMS/PROD DEVELOP
ATT:CMS/PROD DEVELOP
WILMINGTON, DE 19850-5316


GMAC MTG
PO BOX 4622
WATERLOO, IA 50704


GREEN TREE
PO BOX 6172
RAPID CITY, SD 57709


Green Tree Servicing LLC
345 St. Peter Street
St Paul, MN 55102


HONDA FIN
10801 WALKER ST STE 140
CYPRESS, CA 90630
```

EXHIBIT "2"

```
                        Internal Revenue Service
                        Central Insolvency Unit, P.O. Box 21125
                        Philadelphiia, PA 19114



                        John Edwards




                        KEY EDUCA
                        745 ATLANTIC AVE STE 300BK# 3211 COST CT
                        BK# 3211 COST CTR#6297035
                        BOSTON, MA 02111


                        KEYBANK
                        800 SUPERIOR 6TH FLOOR
                        CLEVELAND, OH 44114



                        LPP Mortgage, LTD
                        6000 Legacy Drive
                        Plano, TX 75024


                        NATL CITY
                        PO BOX94982 ATTCREDITLOAN DIPULOC# 01-71
                        LOC# 01-7114
                        CLEVELAND, OH 44101


                        Ryan M. Davies, Esq.
                        AMSL Legal Group, LLP
                        400 Exchange, Suite 100
                        Irvine, CA 92602


                        SEARS/CBNA
                        133200 SMITH RD
                        CLEVELAND, OH 44130


                        State of California, Franchise Tax Board
                        Franchise Tax Board Attn:  Bankruptcy
                        P.O. Box 2952
                        Sacramento,  95812-2952
```

EXHIBIT "2"

SYNCB/DILL
4125 WINDWARD PLAZA
ALPHARETTA, GA 30005

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name  **William H. Brownstein; Bar Number: 84507**

Address  **1250 Sixth Street, Suite 205, Santa Monica, California 90401-1637**

Telephone  **(310) 458-0048**

Ⓖ    Attorney for Debtor(s)
Ⓖ    Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | |
|---|---|---|
| List all names including trade names used by Debtor(s) within last 8 years:<br><br>**Lydia R Forrest**<br><br><br><br>**Mrs. Ronald A. Norman, Leah Norman** | Case No.:  **1:14-bk-14361MT** | |
| | Chapter:  **11** | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of ___**3**___ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:  **October 23, 2014**                    **/s/Lydia R Forrest**
                                               Debtor

_____          _____
Attorney (if applicable)                  Joint Debtor

EXHIBIT "2"

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re
**Lydia R Forrest**

Debtor(s).

CHAPTER: **11**

CASE NO.: **1:14-bk-14361MT**

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, _____ **Lydia R Forrest** _____ , the debtor in this case, declare under penalty
(Print Name of Debtor)

of perjury under the laws of the United States of America that:

G    I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(NOTE:  the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)

G    I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

G    I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____ , the debtor in this case, declare under penalty of
(Print Name of Joint Debtor, if any)

perjury under the laws of the United States of America that:

G    I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(NOTE:  the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)

G    I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

G    I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date **October 23, 2014** _____    Signature **/s/Lydia R Forrest** _____
Debtor

Date _____    Signature _____
Joint Debtor (if any)

EXHIBIT "2"

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re                                                    Chapter 11

    Lydia R Forrest                              Case No. 1:14-bk-14361MT

          Debtors.

## STATEMENT OF MONTHLY GROSS INCOME

The undersigned certifies the following is the debtor's monthly income.

| Income: | Debtor | Spouse |
|---|---|---|
| Six months ago | $ 0.00 | $ 3,038.00 |
| Five months ago | $ 0.00 | $ 5,406.00 |
| Four months ago | $ 0.00 | $ 10,296.00 |
| Three months ago | $ 0.00 | $ 11,479.00 |
| Two months ago | $ 0.00 | $ 6,728.00 |
| Last month | $ 0.00 | $ 9,340.00 |
| Total Gross income for six months preceding filing | $ 0.00 | $ 46,287.00 |
| Average Monthly Gross Income | $ 0.00 | $ 7,714.50 |

Dated:    October 23, 2014

                                              /s/Lydia R Forrest
                                              Lydia R Forrest
                                              Debtor

EXHIBIT "2"
78

FormCACB 109 (ods521ab−van109a)
Rev.(11/09)

# United States Bankruptcy Court
## Central District Of California

**21041 Burbank Blvd, Woodland Hills, CA 91367−6603**

## ORDER AND NOTICE OF DISMISSAL PURSUANT TO 11 U.S.C. § 521(i)(1) FOR FAILURE TO FILE COPIES OF PAYMENT ADVICES (PAY STUBS) REQUIRED UNDER § 521(a)(1)(B)(iv)

**DEBTOR INFORMATION:**
Lydia R. Forrest
aka Mrs. Ronald A Norman, aka Leah Norman

**BANKRUPTCY NO.** 1:14−bk−14361−MT

**CHAPTER** 11

**Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s)., (if any):** xxx−xx−7860
**Employer Tax−Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 2/12/15

**Address:**
5230 Teesdale Avenue
Valley Village, CA 91607

The debtor has not made a request pursuant to 11 U.S.C. § 521(i)(3) within 45 days after the date of the filing of the petition resulted in the Court's allowing the debtor an additional period to file such information; and

The trustee has not filed a motion before the expiration of the 45−day period that resulted in the Court's declining to dismiss case upon a finding that the debtor attempted in good faith to file all the information required by 11 U.S.C. § 521(i)(1) (B)(iv) that the best interests of creditors would be served by administration of the case;

Therefore, IT IS ORDERED that:

1) Pursuant to 11 U.S.C. § 521(i)(1), the case is dismissed, the automatic stay is vacated, and all pending motions and adversary proceedings are moot and dismissed, effective the 46th day after the date of the filing of the petition.

2) Any discharge entered in this case is hereby vacated in its entirety.

3) The Court retains jurisdiction on all issues arising under Bankrupcty Code § 110, 329 and 362.

BY THE COURT,

Dated: February 12, 2015

**Kathleen J. Campbell**
Clerk of Court

(Form van109a−ods521ab VAN−109) Rev. 11/09

**59 / 8**

| In re:<br>LYDIA R.FORREST,<br><br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 1:14-bk-14361MT |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1250 Sixth Street, Suite 205, Santa Monica, CA  90401-1637

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER AND NOTICE OF DISMISSAL PURSUANT TO 11 U.S.C. § 521(i)(1) FOR FAILURE TO FILE COPIES OF PAYMENT ADVICES (PAY STUBS) REQUIRED UNDER § 521(a)(1)(B)(iv); POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF AND EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 13, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

William H Brownstein on behalf of Debtor, Brownsteinlaw.bill@gmail.com
Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV), kate.bunker@usdoj.gov
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov

<div align="right">☐ Service information continued on attached page</div>

II. <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**</u>(indicate method for each person or entity served)**:**
On February 13, 2015, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<div align="right">☒ Service information continued on attached page</div>

III. <u>**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**</u> (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 13, 2015, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
The Chambers of the Honorable Maureen Tighe, Bankruptcy Judge, 21041 Burbank Boulevard, Woodland Hills, CA 91367
Ryan M. Davies, AMSL Legal Group, LLP, attorneys for LPP Mortgage Ltd, Email: RDavies@amslca.com, bnc@amslca.com

<div align="right">☐ Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 13, 2015 | William H. Brownstein | *William H Brownstein* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

1ST DATA
4000 CORAL RIDGE DRIVE
CORAL SPRINGS, FL 33065

BK OF AMER
4060 OGLETOWN/STANTON RDDE5-019-03-07
DE5-019-03-07
NEWARK, DE 19713

CHASE
PO BOX 24696
COLUMBUS, OH 43224-0696

CHASE
201 N. WALNUT ST//DE1-1027
WILMINGTON, DE 19801

DISCOVER
PO BOX15316ATT:CMS/PROD DEVELOP
ATT:CMS/PROD DEVELOP
WILMINGTON, DE 19850-5316

GMAC MTG
PO BOX 4622
WATERLOO, IA 50704

GREEN TREE
PO BOX 6172
RAPID CITY, SD 57709

Green Tree Servicing LLC
345 St. Peter Street
St Paul, MN 55102

HONDA FIN
10801 WALKER ST STE 140
CYPRESS, CA 90630

Internal Revenue Service
Central Insolvency Unit, P.O. Box 21125
Philadelphiia, PA 19114

John Edwards

KEY EDUCA
745 ATLANTIC AVE STE 300BK# 3211 COST CT
BK# 3211 COST CTR#6297035
BOSTON, MA 02111

KEYBANK
800 SUPERIOR 6TH FLOOR
CLEVELAND, OH 44114

LPP Mortgage, LTD
6000 Legacy Drive
Plano, TX 75024

NATL CITY
PO BOX94982 ATTCREDITLOAN DIPULOC# 01-71LOC# 01-7114
CLEVELAND, OH 44101

Ryan M. Davies, Esq.
AMSL Legal Group, LLP
400 Exchange, Suite 100
Irvine, CA 92602

SEARS/CBNA
133200 SMITH RD
CLEVELAND, OH 44130

State of California, Franchise Tax Board
Franchise Tax Board Attn: Bankruptcy
P.O. Box 2952
Sacramento, 95812-2952

SYNCB/DILL
4125 WINDWARD PLAZA
ALPHARETTA, GA 30005