LAW OFFICES OF LES ZIEVE
Brian H. Tran, Esq. #255577
Leslie M. Klott, Esq. #279622
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone:         (714) 848-7920
Facsimile:    (714) 908-7807
Email:         bankruptcy@zievelaw.com

Attorneys for Secured Creditor, LPP Mortgage Ltd.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Lydia R Forrest, aka Mrs. Ronald A Norman, aka Leah Norman,<br><br>Debtor. | Case No.: 1:14-bk-14361-MT<br><br>Chapter: 11<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Confirmation Hearing:**<br>Date: October 15, 2015<br>Time: 9:30 a.m.<br>Place: Courtroom 302<br>        U.S. Bankruptcy Court<br>        21041 Burbank Blvd.<br>        Woodland Hills, CA 91367 |

**TO THE HONORABLE MAUREEN TIGHE, DEBTOR, DEBTOR'S ATTORNEY OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

1

In support of the foregoing Objection, LPP Mortgage Ltd. (hereinafter "Secured Creditor") submits the following Objection to Confirmation of the Chapter 11 Plan of Reorganization ("Objection") filed by Debtor, Lydia R Forrest ("Debtor").

## I. **STATEMENT OF FACTS**

On or about August 3, 2007, the Debtor executed and delivered to Secured Creditor's predecessor-in-interest BrooksAmerica Mortgage Corporation ("BrooksAmerica") a note ("Note"). See Secured Creditor's Request for Judicial Notice ("RJN"), Exhibit 1. Pursuant to the Note, the Debtors promised to pay the principal sum of $1,000,000.00, at an initial interest rate of 6.8750%, commencing on or about October 1, 2007 and continuing through September 1, 2037.

To secured repayment of the loan, on or about August 3, 2007, Debtor executed and delivered to BrooksAmerica a Deed of Trust on residential real property located at **5230 Teesdale Avenue, Los Angeles, CA 91607** ("Property"). See *Id*. The Deed of Trust was recorded in the Official Records of Los Angeles County, State of California.

Subsequent to the execution of the Note, Secured Creditor acquired the loan from BrooksAmerica via an assignment of the Deed of Trust. See *Id*. Secured Creditor is now the holder of the Note and beneficiary of the Deed of Trust on Debtor's Property.

On or about September 24, 2014 ("Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

As of the Petition Date, the secured claim was $1,406,168.77, the monthly payment was $3,533.96, and Debtor owed $287,811.90 in arrears.

On May 19, 2015, the Court entered an order valuing the Property at $1,200,000.00.

On or about September 6, 2015, Debtor filed her Disclosure Statement and Chapter 11 Plan of Reorganization ("Plan"). Debtor fails to properly provide for Secured Creditor's claim in the Plan.

2

## II. THE DEBTOR'S CHAPTER 11 PLAN DOES NOT PROPOSE A FAIR AND EQUITABLE TREATMENT OF THE SECURED CREDITOR'S CLASS 5a CLAIM

Debtor's Chapter 11 Plan terms indicate Secured Creditor will have a secured claim of $1,200,000.00 to be paid at 2.375% interest in monthly installments of $3,875.05 beginning January 1, 2016 and continuing until and including January 1, 2046 on which date the full amount of the claim will be due.

### A. DEBTOR PROPOSES AN INADEQUATE INTEREST RATE

The *Till* case is often referenced and look towards as guidance by the bankruptcy courts in determining what the appropriate interest rate should be for a secured creditor being crammed down under a Chapter 11 Plan. In *Till*, the Court indicated that in deciding upon the appropriate rate of interest that must be paid to a secured lender being crammed down under a Chapter 13 plan, one starts with the national prime rate of interest charged to creditworthy commercial borrowers, and then adjusts that rate to appropriately reflect the typically greater risk of nonpayment by debtors who have filed bankruptcy. The Court further stated, "The appropriate size of that risk adjustment depends ... on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." *Till v. SCS Credit Corp*, 541 U.S. 465,479 (2004).

Here, Debtor proposes an interest rate of 2.375% which is grossly insufficient and below the national prime rate of 3.25%. Moreover, bankruptcy debtors typically pose a greater risk of nonpayment than solvent borrowers. While we have not seen Debtor's current credit report, we can presume based upon the known history of Secured Creditor's loan alone, that it would likely reflect a number of delinquencies and a below than average credit score. Based upon the proof of claims filed in this case it is obvious that Debtor was delinquent on several secured debts and has a history of defaulting on her debt obligations. Debtor provides for no risk adjustment based on the Debtor's history of defaults on loans, lack of creditworthiness and likelihood of plan failure

3

Main Document    Page 4 of 7

which will be discussed in further detail below.  Secured Creditor believes 5% is an appropriate interest rate using the prime rate of 3.25% and adding a risk adjustment of 1.75%.

### B. SECURED CREDITOR OPPOSES EXENTSION OF THE MATURITY DATE

The Debtor's plan treatment proposes a maturity date of January 1, 2046.  Currently the loan provides for a maturity date of September 1, 2037. Secured Creditor opposes any extension of the maturity date.  Even if the monthly mortgage payment is calculated by amortizing the claim amount over 30 years with a balloon due on the loan maturity date of September 1, 2037, Debtor cannot afford the same as discussed below. Debtor has insufficient income to make the required monthly mortgage payment and has no ability to make a large balloon payment upon loan maturity.

### C. DEBTOR'S PLAN IS INFEASIBLE

Section 1129(a)(11) of the Bankruptcy Code requires a Debtor to show that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor under the plan . . . ."  11 U.S.C. § 1129(a)(11).  The Debtor is not required to guarantee the ultimate success of the plan, but only to provide a reasonable assurance that the plan can be effectuated. *In re Hopwood*, 124 B.R. 82, 86 (E.D. Mop. 1991), cited in *Miller v. Nauman (In re Nauman),* 213 B.R. 355, 358 (9th Cir. B.A.P. 1997).  However, this reasonable assurance must rise above "bare agronomic feasibility." *In re Nauman*, 213 B.R. at 358.  The court must be persuaded that the plan will be able to cash flow base on realistic and objective facts (as opposed to visionary or overly optimistic projections). *In re Tate*, 217 B.R/ 518 (Bankr. E.D. Tex. 1997). See also *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 649 (2nd Cir. 1988)  holding while a plan need not guaranty success to be feasible, a plan must still "offer a reasonable assurance of success."  "To provide such reasonable assurance, a

plan must provide a realistic and workable framework for reorganization. The plan cannot be based on 'visionary promises,' it must be doable." *In re Made in Detroit, Inc.*, 299 B.R. 170.175 (Bankr. E.D. Mich. 2003)(citations omitted). "Feasibility determinations must be firmly rooted in predictions based on objective fact." *Danny Thomas Properties II, L.P. v. Beal bank, S.S.B (In re Danny Thomas Properties II, L.P.)*, 241 F3d 959, 964 (8th Cir. 2001)(internal quotation marks and citations omitted).

As the plan proponent, the Debtor bears the burden of demonstrating the feasibility of her plan and Debtor's proposed mortgage payment based on an interest rate of 2.375%, which is below the national prime rate, is a strong indicator that the Plan is not feasible.

Debtor's Amended Schedule I indicates the Debtor is unemployed and that her and her husband's total monthly income is $10,338.00. See Secured Creditor's RJN, Exhibit 2. However, Debtor fails to account for taxes her and her husband may owe at the end of the year. Schedule I reflects income her husband receives as an attorney as well as rental income, both of which are taxed. If taxes were included, Debtor's total monthly income would be substantially reduced.

Debtor's Schedule J reflects net income of $2,053.32. See Secured Creditor's RJN, Exhibit 3. It also reflects a monthly mortgage payment of $2,237.07, which is $1,637.98 less than the proposed monthly mortgage payment in Debtor's Chapter 11 Plan. Using Debtor's proposed monthly payment as set forth in the Plan ($3,875.05 based upon 2.375% interest) reduces Debtor's net monthly income to $415.34. As noted before, the proposed interest rate of 2.375% is inadequate. If the monthly payment is calculated based on 5% interest amortized over 30 years, Debtor's monthly payment would be $6,441.86, which Debtor simply cannot afford. The Plan does not indicate a reasonable probability of success as Debtor does not have the necessary cash flow based on the facts present to fund the Plan. Accordingly, Debtor has not sustained her burden in proving the Plan is feasible.

5

### III. CONCLUSION

As a result of the foregoing, the Secured Creditor respectfully requests that the Court deny confirmation of the Debtor's proposed Chapter 11 Plan of Reorganization.

Dated: September 25, 2015     LAW OFFICES OF LES ZIEVE

               /s/ Leslie M. Klott
               Leslie M. Klott
               Attorney for Secured Creditor,
               LPP Mortgage Ltd.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
30 Corporate Park, Suite 450
Irvine, CA 92606

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SECURED CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 25, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| William H Brownstein, Attorney | Brownsteinlaw.bill@gmail.com |
| Katherine Bunker, Attorney | kate.bunker@usdoj.gov |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 28, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| DEBTOR | PRESIDING JUDGE |
|---|---|
| Lydia R. Forrest | United States Bankruptcy Court |
| 5230 Teesdale Avenue | Chambers of Honorable Maureen Tighe |
| Valley Village, CA 91607 | 21041 Burbank Blvd., Suite 324 |
| | Woodland Hills, CA 91367-6606 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 25, 2015 | Michele Dapello | /s/ Michele Dapello |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                             **F 9013-3.1.PROOF.SERVICE**