


**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Lydia R. Forrest<br><br><br><br>Debtor(s). | Case No.: 1:14-bk-14361-MT<br><br>CHAPTER 11<br><br>**NOTICE OF TENTATIVE RULING RE MOTION TO APPROVE AMENDED DISCLOSURE STATEMENT**<br><br>Date: December 3, 2015<br>Time: 9:30 a.m.<br>Courtroom: 302 |

At the above date and time, the Court held a hearing on the Motion to Approve Amended Disclosure Statement (the “Motion”), filed by Debtor Lydia R. Forrest. Appearances are as noted on the record for the hearing. At the hearing, the Court adopted its tentative ruling on the Motion. A copy of the Court’s tentative ruling is attached to this cover page.

//

//

//

//

The D/S and plan have the following issues preventing approval:

1. LLP Mortgage, Ltd. – Senior Lienholder

Secured Creditor LPP Mortgage Ltd. ("LLP" or "First Secured Creditor") objects on the basis of Debtor's improper attempt to cram down on LLP's first secured claim on Debtor principal residence – 5230 Teesdale Ave., Los Angeles, CA 91607 (the "Tessdale Property"). The provision at issue states:

> "the unsecured portion of the claims of the holder of the 1st Trust Deed in the amount of $206,168.77 […] [is] treated as unsecured creditors. Upon sale or refinance of property or upon the entry of a final decree the undersecured portion of the otherwise secured creditor claims will be deemed satisfied and released as liens against the real property."

Chapter 11 Plan of Reorganization "Plan", 8; see also id. at 5.

The Court finds LLP's argument meritorious. A plan may "modify the rights of holders of secured claims, *other than* a claim secured by a security interest in real property that is the debtor's principal residence […]." 11 U.S.C. §1123(b)(5) (emphasis added). The appropriate time to assess whether the subject property is the debtor's principal residence is the petition date. BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir), 445 B.R. 896, 898 (B.A.P. 9th Cir. 2011). The definition of "principal residence" hinges on how the debtor used the structure, not the debtor's intent. This exception applies even if the real property also serves additional purposes. In re Wages, 508 B.R. 161, 167 ("there is nothing in the bankruptcy code indicating that, once a commercial use of a property becomes sufficiently "significant," that property ceases being the debtor's principal residence — either a property is a debtor's principal residence or it is not.").

While the FADS does not list any claims secured by its principal place of residence, Debtor's bankruptcy petition lists the Tessdale Property as her principal place of residence. See Plan, 3. Debtor; See Chapter 11 Voluntary Petition, Dckt no. 1. Debtor has not proffered evidence to the contrary. As an aside, it is worthy to note that Debtor lists the Tessdale Property as a rental property in her schedules. Schedule A, Dckt. No. 29, 3. The fact that Debtor earns income from the property, however, is irrelevant as long as she resides on the property.

LLP, as a fully secured creditor on Debtor's principal residence, is therefore entitled to the non-modification protection of Section 1123(b)(5). Debtor's disclosure statement must be amended to account for the entirety of LLP's claim - $1,860,024.

2. Trinity Financial Services – Junior Lienholder

Secured Creditor Trinity Financial Services, LLC. ("Trinity" or "Second Secured Creditor") objections are sustained as follows:

*a) Feasibility Issues*

- FADS proposes to pay priority creditors over 5 years at 3% interest but does not list any priority creditors. Debtor needs to clarify.
- FADS states that it will have $5,000 on the Effective Date but later states that $7,598.48 will be available. Debtor needs to clarify which it is.
- Debtor's sources of income, such as contributions and possible inheritance from her mother, are wholly speculative, but the contribution declaration is sufficient as to minimum contribution.
- Recent MORs show that Debtors' reserves are depleting rather than accumulating. This makes feasibility that much more questionable, but this issue can be resolved at confirmation stage.
- MORs are not reflecting Debtor's large expenses – such as residence, lifestyle, utilities, food, transportation, etc. Debtor needs to disclose husband's income and basis for her total monthly expenses. This budget is just missing too many pieces.
- The FADS does not disclose how much the nonfiling spouse makes and how much he is contributing to Debtor's reorganization plan. This is a critical piece that is missing.
- The FADS proposes to pay 5% to unsecured creditors without proof of feasibility.

The FADS simply does not provide enough information for the Court to determine whether the proposed plan is feasible. Debtor does not provide evidence or even a declaration from her husband regarding their supposed contributions to the plan.

*b) Other Issues*

- FADS miscategorizes LLP as a Class 5 creditor when it should be a Class 2 creditor.

The FADS fails to list LLP as a creditors with liens secured by Debtor's principal residence. It mistakenly assumed that LLP's claim can be crammed down.

Trinity wants the amended disclosure set for January 7. Debtor needs to amend this and file it in time to be heard the same day so that both plans can be solicited at the same time.

Trinity's objection to the attorney fees should properly be raised once a fee application is filed.

###

Date: December 21, 2015

Maureen A. Tighe
United States Bankruptcy Judge