LAW OFFICES OF LES ZIEVE
Brian H. Tran, Esq. #255577
Leslie M. Klott, Esq. #279622
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone:       (714) 848-7920
Facsimile:   (714) 908-7807
Email:       bankruptcy@zievelaw.com

Attorneys for Secured Creditor, LPP Mortgage Ltd.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Lydia R Forrest, aka Mrs. Ronald A Norman, aka Leah Norman,<br><br>　　　　　Debtor. | Case No.: 1:14-bk-14361-MT<br><br>Chapter: 11<br><br>**OBJECTION TO AMENDED DISCLOSURE STATEMENT AND CONFIRMATION OF AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**<u>Disclosure Statement Hearing:</u>**<br>Date: January 7, 2016<br>Time: 9:30 a.m.<br>Place: Courtroom 302<br>　　　U.S. Bankruptcy Court<br>　　　21041 Burbank Blvd.<br>　　　Woodland Hills, CA 91367 |

**TO THE HONORABLE MAUREEN TIGHE, DEBTOR, DEBTOR'S ATTORNEY OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

1

LPP Mortgage Ltd. (hereinafter "Secured Creditor") hereby submits the following Objection to the Amended Disclosure Statement and Confirmation of the Amended Chapter 11 Plan of Reorganization ("Objection") filed by Debtor, Lydia R Forrest ("Debtor").

## I.  STATEMENT OF FACTS

Secured Creditor is the holder of the Note and beneficiary of the Deed of Trust on Debtor's residential real property located at **5230 Teesdale Avenue, Los Angeles, CA 91607** (**"**Property").

On or about September 24, 2014 ("Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

As of the Petition Date, the secured claim was $1,406,168.77, the monthly payment was $3,533.96, and Debtor owed $287,811.90 in arrears. See Proof of Claim No. 4.

On May 19, 2015, the Court entered an order valuing the Property at $1,200,000.00.

On or about September 6, 2015, Debtor filed her Disclosure Statement and Chapter 11 Plan of Reorganization. On November 4, 2015, Secured Creditor filed an Objection to the Disclosure Statement and Plan of Reorganization based on Debtor's attempt to improperly cram down Secured Creditor's claim. On December 3, 2015, the Court denied Debtor's Disclosure Statement. The Court found that Secured Creditor is a fully secured creditor on Debtor's principal residence and is therefore entitled to the non-modification protection of Section 1123(b)(5).

On November 19, 2015, Trinity filed a competing Disclosure Statement and Chapter 11 Plan of Reorganization that attempts to improperly cram down Secured Creditor's claim. Secured Creditor filed an Objection to Trinity's Plan on December 4, 2015.

On December 10, 2015, Debtor filed an Amended Disclosure Statement and Chapter 11 Plan of Reorganization ("Plan"). The amended Plan again tries to improperly cram down Secured

2

Creditor's claim.

## II. THE DEBTOR'S CHAPTER 11 PLAN DOES NOT PROPOSE A FAIR AND EQUITABLE TREATMENT OF THE SECURED CREDITOR'S CLASS 5a CLAIM

### A. CREDITOR IMPROPERLY ATTEMPTS TO MODIFY THE RIGHTS OF SECURED CREDITOR

11 U.S.C. § 506(a) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.  However, it is well settled law that a loan secured by a first priority deed of trust on a debtor's primary residence is not subject to modification or cram down. Specifically, 11 U.S.C. §1123(b)(5) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence.  Protections of the Bankruptcy Code's Chapter 11 anti-modification provision apply to any loan secured only by real property that the debtor uses as a principal residence; these protections are not limited to those claims secured by property used only as a debtor's principal residence. *In re Wages*, 479 B.R. 575 (Bkrtcy.D.Idaho 2012), *affirmed* 508 B.R. 161. (holding where it was undisputed that the Chapter 11 debtors lived on the 11-acre parcel of property secured by creditor's mortgage and that the property was their principal residence, the terms of creditor's mortgage could not be modified by debtors' plan, even if debtors also operated their trucking business on the property.)

Here, Secured Creditor holds the first deed of trust on Debtor's Property.  The only security for Secured Creditor's claim is the Property itself.  Debtor states under the penalty of perjury in the Voluntary Petition that she resides in the Property.  Debtor's Counsel also confirmed with Secured Creditor's Counsel that Debtor resides in the Property.  As such, there is

3

no dispute that Debtor lives in the Property and that it is her principal residence. The protections of the Bankruptcy Code's Chapter 11 anti-modification provisions are not limited to those claims secured by property used only as Debtor's principal residence. As such, it does not matter that Debtor may be renting room(s) in the single family residence on a month to month basis. This does not change the fact that the Property is Debtor's principal residence. Debtor has submitted no evidence that she resides elsewhere. Accordingly, the Bankruptcy Code's Chapter 11 anti-modification provisions apply and Secured Creditor's mortgage terms may not be modified in this case.

Debtor cites several cases in support of her position that she can cram down Secured Creditor's claim. However, none of the cases are binding and all of the cases except *In re Christopherson* are distinguishable from the facts in the instant case.

**1. In re Kimbell, 247 B.R. 35 (Bktcy. W.D.N.Y.2000)**

*In re Kimbell* was a Chapter 13 case wherein the debtors filed a valuation motion seeking to "cram down" creditor's $39,390.36 secured proof of claim to the alleged value of the encumbered property, $24,000.00. The Debtor indicated they were the owners of three parcels of real property, as follows: (a) 315 Orchard Street, Elmira, New York, which was a two-family structure with one unit used as the Debtor's residence ("Orchard Street"); (b) 552 East Third Street, which was a rental property; and (c) 715 Harpur Street, which also was a rental property. The Bankruptcy Court held the Bankruptcy Code's antimodification provision does not protect a mortgage secured by a *multi-family* structure in which only one unit is used as the debtor's principal residence. (emphasis added).

Unlike *In re Kimbell*, where the property included three distinct parcels of real property and three separate addresses, the Debtor's Property in the instant case is a single family residence. See Proof of Claim No. 4, the Deed of Trust. Congress may not have intended the Bankruptcy

4

Code's anti-modification provision to reach multi-parcel pieces of property or 100-unit apartment complexes (all of which have separate mailing addresses). However, Congress did intend to protect creditors in similar situations as the one in the instant case; that being creditors who hold the first deed of trust on the a debtor's single family principal residence.

**2. Scarborough v. Chase Manhattan Mortg. Corp., 461 F.3d 406 (3rd Cir 2006)**

In *In re Scarborough*, the Court of Appeals held that a mortgage lender that provided purchase-money financing for, and took a mortgage lien on a *multi-unit* dwelling which debtor was acquiring, at least in part, as investment, and which she intended to rent out while occupying first floor of structure as her home, was not a creditor whose claim was secured only by interest in real property that was debtor's principal residence, within meaning of anti-modification provision of Chapter 13. (emphasis added).

The facts in the instant case are distinguishable as Debtor acquired the Property and Secured Creditor provided the financing to Debtor with the understanding that Debtor was using the Property as her principal residence. The Deed of Trust specifically provides under Section 6 "Occupancy" "Borrower shall occupy, establish and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control." There was no disclosure that Debtor intended at any time in the future to rent the Property. Moreover, the Property is not a multi-unit dwelling, but a single family residence. As such, the anti-modification provisions apply.

**3. Lomas Mortg. v. Louis, 82 F.3d 1(1st Cit 1996)**

In *In re Lomas Mort.*, the Court of Appeals held that the statute prohibiting modification

5

of claims secured only by lien on Chapter 13 debtor's principal residence does not bar modification of secured claim on *multiunit* property in which one unit is debtor's principal residence and security interest extends to other income-producing units. (emphasis added).

Again, the Property in the instant case is a single family residence, not a multiunit property. As such, this case is not applicable and the anit-modification statute applies.

**4. In re Christopherson, 446 B.R. 831 (Bankr. N.D. Ohio 2011)**

In *In re Christopherson*, the Court held that to determine whether creditors were protected by the anti-modification provision, the Court had to look to whether the property securing each creditor's claim was debtor's principal residence on the petition date. The Court held debtor failed to show that the real property was mixed-use property, utilized both as site for debtor's principal residence and to generate income. The Court stated that the Countrywide mortgage indicated that the property in question will be used as the debtor's primary residence and makes no reference to the property being used as income. Although the debtor asserts that the property is mixed use in his briefs, no evidence was produced to contradict the Countrywide security agreement. Thus the anti-modification statute applied.

Likewise, here the security agreement indicates the Property is Debtor's principal residence and makes no reference to it generating income. Debtor has already conceded she resides in the Property and has resided in the Property since the loan originated. While Debtor indicates that she is renting some rooms for income, no rental agreements have been produced. Moreover, even if income is being received, such income does not thwart the fact that the Property is Debtor's principal residence. As such, the anti-modification statues apply in this case and Debtor's amended Disclosure Statement and Chapter 11 Plan should be denied for improperly attempting to cram down Secured Creditor's claim.

6

### B. DEBTOR'S PLAN IS NOT FEASIBLE

Debtor's Plan is not feasible based on Secured Creditor's claim amount and Debtor's actual and future alleged income. Debtor has no ability to repay Secured Creditor's claim based upon the note terms including interest rate and loan term. As such, Debtor's amended Disclosure Statement and Chapter 11 Plan should be denied.

### III.  CONCLUSION

As a result of the foregoing, the Secured Creditor respectfully requests that the Court deny approval of the Debtor's proposed Disclosure Statement and confirmation of Debtor's proposed Chapter 11 Plan of Reorganization.

Dated: 12/24/2015                    LAW OFFICES OF LES ZIEVE

/s/ Leslie M. Klott
Leslie M. Klott
Attorney for Secured Creditor,
LPP Mortgage Ltd.

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
30 Corporate Park, Suite 450
Irvine, CA 92606

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO AMENDED DISCLOSURE STATEMENT AND CONFIRMATION OF AMENDED CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 24, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| William H Brownstein, Attorney | Brownsteinlaw.bill@gmail.com |
| Henry D Paloci, Attorney | hpaloci@hotmail.com |
| Katherine Bunker, Attorney | kate.bunker@usdoj.gov |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **December 24, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| DEBTOR | CREDITOR | PRESIDING JUDGE |
|---|---|---|
| Lydia R. Forrest | Trinity Financial Services LLC | United States Bankruptcy Court |
| 5230 Teesdale Avenue | 2618 San Miguel Dr. Ste 303 | Chambers of Honorable Maureen Tighe |
| Valley Village, CA 91607 | Newport Beach, CA 92660 | 21041 Burbank Blvd., Suite 324 |
| | | Woodland Hills, CA 91367-6606 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 24, 2015 | Michele Dapello | /s/ Michele Dapello |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**